[No. B141327. Second Dist., Div. Five. May 17, 2001.]

NAUM SHEKHTER, Cross-complainant and Respondent, v. FINANCIAL INDEMNITY COMPANY et al., Cross-defendants and Appellants.

**[Opinion certified for partial publication.†]**

†Pursuant to rules 976(b) and 976.1 of the California Rules of Court, parts I, II, the indicated portions of part III.A and part IV are certified for publication.

---

COUNSEL

Manning & Marder, Kass, Ellrod, Ramirez, John A. Marder, Dennis B. Kass, and David J. Wilson for Cross-defendants and Appellants Dennis B. Kass, Manning & Marder, Kass, Ellrod, Ramirez and Allstate Insurance Company.

Law Offices of Zinder & Park and Jefferey E. Zinder for Cross-defendant and Appellant Financial Indemnity Company.

Steven L. Zelig & Associates and Steven L. Zelig for Cross-complainant and Respondent.

---

## OPINION

### TURNER, P. J.—

### I. INTRODUCTION

Cross-defendants Financial Indemnity Company (Financial), Allstate Insurance Company (Allstate), Dennis B. Kass, and Manning & Marder, Kass, Ellrod, Ramirez (the Manning law firm), appeal from orders denying special motions to strike the third amended cross-complaint of Naum "Neil" Shekhter pursuant to Code of Civil Procedure[1] section 425.16 and conditionally granting a motion to compel arbitration. The present lawsuit arises out of a prior action commenced by Financial against Mr. Shekhter. Financial was represented by Mr. Kass and the Manning law firm in the prior litigation. Mr. Kass and the Manning law firm commenced the present litigation against Mr. Shekhter. In the published portion of this opinion, we address the application of a section 425.16 special motion to strike to a single cause of action in a multicount cross-complaint to attorneys who provided legal

---

[1]All further statutory references are to the Code of Civil Procedure except where otherwise noted.

representation in a prior lawsuit. We conclude a section 425.16 special motion to strike can apply under the circumstances of this case to an individual cause of action and one brought against lawyers who provided representation in a prior lawsuit.

## II.  BACKGROUND

### A.  *Settlement of the Prior Financial Action*

In 1996, Financial brought an action on behalf of the People of the State of California against multiple defendants alleging insurance fraud. Mr. Shekhter was a fictitiously named defendant in that action but was not served prior to settlement. In 1997, the parties, including Mr. Shekhter, entered into a settlement agreement. The settlement agreement included a confidentiality clause as to information and documents relating to the 1996 lawsuit. It also provided for arbitration of "all disputes pertaining to an alleged breach of this Agreement" other than a default in the payment plan.

### B.  *The Present Action*

Allstate subsequently brought, on behalf of the People of the State of California, the present action against Mr. Shekhter and others alleging insurance fraud. Mr. Shekhter filed a cross-complaint against Allstate, Financial, Mr. Kass, the Manning law firm, and Glenna Sue Cline, among others. The operative pleading is a third amended cross-complaint.

### C.  *The Third Amended Cross-complaint*

Some of the allegations in Mr. Shekhter's third amended cross-complaint seem somewhat wild and others have already been determined not to support a valid claim under California law. It bears emphasis that the truth of the claims in the third amended cross-complaint have never been proven to be true.

Mr. Shekhter's third amended cross-complaint alleged as follows. In 1996, the State of California (the state) and Financial filed a lawsuit against Mr. Shekhter and others. The plaintiffs and their counsel, Mr. Kass and the Manning law firm, knew the lawsuit was meritless but, because of its press worthiness, the defendants would be coerced to settle it. Before December 1996, Mr. Kass and the Manning law firm began representing Allstate. The cross-defendants intended to share information obtained in Financial's action with Allstate. That information was to be used in this lawsuit, which was filed on October 14, 1997, by Allstate. In early January 1997, Mr. Kass spoke with Mr. Shekhter. Mr. Shekhter was threatened with civil and

criminal sanctions unless he would testify falsely. In about mid-January 1997, Ms. Cline's deposition was commenced in the Financial action filed in 1996 but was adjourned without allowing for cross-examination. In February 1997, Mr. Kass, the Manning law firm, Financial, and the state began retaliating against Mr. Shekhter. This was because Mr. Shekhter refused to falsify evidence. The retaliation consisted of identifying Mr. Shekhter as a fictitiously named defendant. Also, in the third amended cross-complaint, Mr. Shekhter alleged Mr. Kass submitted false information to government entities for ulterior and improper purposes. Mr. Shekhter alleged, "These attempts to coerce a settlement of an unmeritorious claim through improper and fraudulent means continue as of this filing." In about mid-1997, Allstate, acting through Mr. Kass and the Manning law firm, began directly communicating with clients of various lawyers in violation of the Code of Professional Responsibility and unfair business practice law. Mr. Shekhter learned of this practice in August 1999 when he came into possession of a document entitled, "Material Statement in Support of Complaint for Violation of State Insurance Frauds Prevention Act" (the material statement).

Formal settlement discussions in the 1996 Financial action began in August 1997. The state, Mr. Kass, the Manning law firm, and Financial participated in the discussions. Mr. Shekhter's objective, of which the cross-defendants were aware, was to "buy peace" even though he denied any wrongdoing. The cross-defendants also knew Mr. Shekhter was willing to settle only if he received an assurance the Manning law firm would never pursue him again on behalf of the state or any insurer. Mr. Kass promised Mr. Shekhter no such litigation would be pursued. Mr. Kass misrepresented that he was not aware of any other pending or potential litigation. On October 24, 1997, Mr. Shekhter executed the settlement agreement in the 1996 action filed by Financial.

In fact, however, on October 14, 1997, Allstate had filed the present lawsuit. The Allstate lawsuit had been filed under seal. Allstate was represented by the Manning law firm and Mr. Kass. At no time did Mr. Kass, the Manning law firm, the state, Financial, Allstate, or anyone else tell Mr. Shekhter about the present lawsuit. In October 1997, the material statement was submitted to the state and other governmental entities for improper purposes including inducing the government to wrongfully prosecute Mr. Shekhter, thereby forcing him to settle the meritless Financial action. In late October 1997, the Financial action was settled pursuant to an agreement drafted by Mr. Kass and the Manning law firm. The state signed the agreement without disclosing that the present lawsuit had been filed under seal.

Mr. Shekhter further alleged that the Allstate action was served as a "publicity counter measure." Service occurred at a time when publicity

negative to Allstate was "emanating from the Northridge earthquake." In February 1998, the state, Mr. Kass, the Manning law firm, and Allstate breached the settlement agreement by disseminating nationally syndicated articles based upon information made confidential by the settlement agreement. In March or April 1998, Allstate, Mr. Kass, and the Manning law firm contacted various broadcasting companies. Cross-defendants advised that they had filed a suit against the largest fraud ring ever to operate in Los Angeles County. No effort was made to inform the broadcasters or publishers of the limitations created by the confidentiality provisions of the settlement agreement. In April 1998, Ms. Cline was interviewed by "nationally syndicated personnel" at the Manning law firm's offices in breach of the confidentiality provisions of the settlement agreement. In October 1998, Ms. Cline was deposed in Allstate's Midwest offices. The deposition was taken after Ms. Cline claimed to have received a threatening phone call. The telephone call was made by an Allstate or Manning law firm employee at their behest in order "to create a facade to avoid producing [Ms.] Cline for deposition locally." This scheme was employed to harass and deter the defense of the present lawsuit and to coerce a settlement. In November 1998, Allstate, acting by and through Mr. Kass and the Manning law firm, perpetrated a fraud on the court and an abuse of process by filing documents containing false information and forged signatures. In April 1999, Mr. Shekhter filed his first amended cross-complaint. In retaliation, Allstate, Mr. Kass, and the Manning law firm made a false report to the Federal Bureau of Investigation (FBI) to the effect that Mr. Shekhter had been threatening witnesses, including Ms. Cline. In May 1999, at a deposition of Ms. Cline, the Manning law firm revealed that she was "under 'witness protection'" and special agents of the FBI would be attending the deposition.

In his first cause of action, Mr. Shekhter alleged he was fraudulently induced to enter into the settlement of the Financial lawsuit filed in 1996. The second cause of action alleged, alternatively, that Mr. Kass, the Manning law firm, Financial, and the state made negligent misrepresentations which induced Mr. Shekhter to enter into the settlement agreement. The third cause of action alleged Financial and the state breached the settlement agreement in multiple respects. In his fourth cause of action, Mr. Shekhter alleged Mr. Kass and the Manning law firm breached the settlement agreement, particularly the confidentiality provision. The fifth cause of action alleged Mr. Kass, the Manning law firm, the state, and Financial fraudulently accepted Mr. Shekhter's payments under the October 1997 settlement agreement without disclosing that the present lawsuit had been filed. Mr. Shekhter alleged Mr. Kass, the Manning law firm, the state, and Financial did not intend to comply with the settlement agreement. The sixth cause of action alleged, alternatively, that the cross-defendants acted negligently. The

seventh cause of action alleged Mr. Kass, the Manning law firm, and Allstate intentionally interfered with Mr. Shekhter's economic advantage under the settlement agreement. In his eighth cause of action, Mr. Shekhter alternatively alleged negligent interference with his economic advantage. The ninth cause of action alleged abuse of process against Mr. Kass, the Manning law firm, and Allstate in that: they filed the present action as a publicity stunt; Allstate engaged in specific tactics to extort a settlement; they filed the present action under seal so that Mr. Shekhter would continue to pay settlement monies without knowing that the settlement agreement had already been breached; they knowingly and intentionally submitted false and forged documents to the court; they falsely accused Mr. Shekhter of witness intimidation to the FBI; and they had the FBI's special agents attend depositions to intimidate Mr. Shekhter and force him to settle the action.

The tenth cause of action of the third amended cross-complaint was brought by Mr. Shekhter individually and on behalf of the general public. It alleged the cross-defendants committed unfair business practices in violation of Business and Professions Code section 17200 et seq. and violated the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) in that they: had engaged in discrimination against minorities; discriminated against attorneys representing minorities in their claims practices; and had "contacted clients of various lawyer [d]efendants without placing claimant attorneys' on notice or procuring their authorization, constituting a violation of professional codes and standards. . . ." Mr. Shekhter further alleged: "Cross-[d]efendants . . . engaged in unfair and deceptive business, advertising and solicitation practices, including but . . . not limited to: (A) Engaging in tactics constituting obstruction of justice and subornation of perjury; (B) Utilizing press and media resources for the collateral purpose of embarrassing, slandering, exploiting and ultimately extorting settlement monies on meritless claims[;] (C) Employing illegal criteria for the payment of claims, including paying less on claims of persons of minority status; (D) Utilizing 'Colossus' [an illegal set of claim criteria]; (E) Discriminating against individuals of minority decent [sic], including those of Hispanic, Russian and/or Jewish dissent [sic], origin, background or persuasion; (F) Retaliating and discriminating against members of the Plaintiff's bar, who represent minorities or who themselves are Russian, Jewish or of other minority status; (G) Contacting clients of various lawyer [d]efendants herein without said lawyers knowledge or acquiescence or authorization; (H) By misrepresenting themselves to clients of various lawyer [d]efendants and the use of intimidating investigatory techniques; (I) By systematically and intentionally violating the Unruh Civil Rights Act; and (J) Other unfair and deceptive business practices according to proof." In his tenth cause of action, Mr. Shekhter sought injunctive relief, disgorgement of profits, and statutory penalties.

In his eleventh cause of action, against Mr. Kass, the Manning law firm, the state, Financial and Allstate, Mr. Shekhter sought declaratory relief as to the settlement agreement. The twelfth cause of action was for intentional infliction of emotional distress against Allstate, Mr. Kass, and the Manning law firm arising from the allegedly false report to the FBI.

## D. *The Trial Court's Rulings*

Following demurrers, the remaining causes of action were: the third for contract breach and specific performance against Financial; the fourth for contract breach against Mr. Kass and the Manning law firm; and the tenth against Allstate, Mr. Kass, the Manning law firm, and Financial for violation of the Unfair Practices and Unruh Civil Rights Acts. The motions of Allstate, Mr. Kass, and the Manning law firm pursuant to section 425.16 were considered in relation to the third, fourth, and tenth causes of action. The trial court denied the section 425.16 motions. The court then considered the motion of Mr. Kass and the Manning law firm to compel arbitration as to the fourth cause of action. Financial also sought to compel arbitration as to the fourth cause of action. It ordered arbitration and stayed litigation as to the third (breach of contract against Financial) and fourth (breach of contract against Mr. Kass and the Manning law firm) causes of action only. The trial court further concluded the damages limitation in the arbitration agreement was procedurally and substantively unconscionable and "is refused enforcement." The cause of action which then remained to be tried was the tenth cause of action for unlawful business practices and violation of the Unruh Civil Rights Act brought against Mr. Kass, the Manning law firm, Financial, and Allstate.

## III. DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

Mr. Kass, the Manning law firm, Financial, and Allstate contend the trial court erred in denying their section 425.16 motions *as to the tenth cause of action* because the unfair business practices and Unruh Civil Rights Act claims are based on allegations that fall within the scope of section 425.16 and Mr. Shekhter did not establish he would probably prevail on that claim. As noted above, at the time the trial court ruled on the section 425.16 motions only the third, fourth, and tenth causes of action remained. The tenth cause of action was the only remaining cause of action as to Allstate. Both the fourth and the tenth causes of action remained as to Mr. Kass and the Manning law firm. Both the third and tenth causes of action remained as

---

*See footnote, *ante*, page 141.

to Financial. Financial, Mr. Kass, and the Manning law firm stand by the position they took in the trial court concerning the third and fourth causes of action respectively; those claims must be arbitrated. We asked the parties to brief the question whether Mr. Kass, the Manning law firm, and Financial could challenge the trial court's ruling on the section 425.16 motion as to only one cause of action when there were remaining claims. Therefore, Mr. Kass, the Manning firm, Financial, and Allstate all contend the special motion to strike should have been granted as to the tenth cause of action for purported unfair business practices and violations of the Unruh Civil Rights Act. We conclude, as discussed below, that the trial court erred in denying the special motions to strike the tenth cause of action.

We address first the issue of whether a special motion to strike can apply to one cause of action when other claims remain to be resolved. Section 425.16 is not entirely clear as to whether it is to apply to an individual cause of action. Section 425.16, subdivision (a) states that the Legislature was responding to the disturbing increase in "lawsuits," which suggests that only when an entire action is resolved can a special motion to strike be filed. However, section 425.16, subdivision (b)(1) states, "A *cause of action* against a person . . . shall be subject to a special motion to strike . . . ." (Italics added.) ■ The express language of section 425.16, subdivision (b)(1) allows a single cause of action to be stricken. The fact that other claims remain does not bar a trial judge from granting a section 425.16 special motion to strike. Our conclusion in this regard is buttressed by the requirement that the special motion to strike procedure be construed broadly. (§ 425.16, subd. (a); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1119 [81 Cal.Rptr.2d 471, 969 P.2d 564]; *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1416 [103 Cal.Rptr.2d 174].).

■ Additionally, we address the issue of whether the special motions to strike the tenth cause of action should have been granted on the merits. The burdens of proof on a special motion to strike pursuant to section 425.16 were described by the Court of Appeal in *Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1364 [102 Cal.Rptr.2d 864], as follows: "Section 425.16, subdivision (b)(1), requires the trial court to engage in a two-step process when determining whether a defendant's section 425.16 motion to strike should be granted. First, the court decides whether the defendant has made a threshold prima facie showing that defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue. (*Wilcox [v. Superior Court* (1994)] 27 Cal.App.4th [809,] 820 [33 Cal.Rptr.2d 446].) If the court finds that such a showing has been made, then the plaintiff will be required to demonstrate that 'there is a probability that

the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1); *DuPont Merck Pharmaceutical Co.* v. *Superior Court* (2000) 78 Cal.App.4th 562, 567-568 [92 Cal.Rptr.2d 755].) The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue. (*Wilcox, supra,* 27 Cal.App.4th at p. 819 et seq.)" (Fn. omitted.) █ In terms of the so-called threshold issue, the moving defendant's burden is to show the challenged cause of action "arises" from protected activity. (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 907 [84 Cal.Rptr.2d 303]; *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 646-647 [49 Cal.Rptr.2d 620].) Once it is demonstrated the cause of action *arises* from the exercise of the defendant's free expression or petition rights, then the burden shifts to the plaintiff to show a probability of prevailing in the litigation. Under section 425.16, subdivision (b)(2), the trial court, in making its determination, considers the pleadings and affidavits stating the facts upon which the liability or defense is based. (*Dowling v. Zimmerman, supra,* 85 Cal.App.4th at pp. 1417-1418; *Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at pp. 646-647.) Our review is de novo. (*Monterey Plaza Hotel v. Hotel Employees & Restaurant Employees* (1999) 69 Cal.App.4th 1057, 1064 [82 Cal.Rptr.2d 10]; *Foothills Townhome Assn. v. Christiansen* (1998) 65 Cal.App.4th 688, 695 [76 Cal.Rptr.2d 516].)

█ Allstate and Financial, the two nonattorneys named as cross-defendants, contend the third amended cross-complaint arose from acts in furtherance of their constitutional petition and free speech rights and is therefore a proper subject of a special motion to strike. (§ 425.16, subd. (b)(1).) Mr. Shekhter's third amended cross-complaint, including the tenth cause of action, arose out of Financial's and Allstate's insurance fraud lawsuits. The allegations as a whole relate to the filing and prosecution of those actions as well as statements made to the press and to government agencies in relation to those lawsuits. A cause of action arising from litigation activity may appropriately be the subject of a section 425.16 motion. (*Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1115; *Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at p. 648.) The First Amendment guarantees access to the courts. (*California Motor Transport Co. v. Trucking Unlimited* (1972) 404 U.S. 508, 510 [92 S.Ct. 609, 611-612, 30 L.Ed.2d 642]; *Johnson v. Avery* (1969) 393 U.S. 483, 485-486 [89 S.Ct. 747, 749, 21 L.Ed.2d 718].) The third amended cross-complaint, which alleges a cause of action arising from Financial's and Allstate's acts of filing complaints against Mr. Shekhter and the subsequent litigation, potentially qualifies as an action subject to section 425.16. (§ 425.16, subds. (b) & (d); *Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at p. 651.) The present third amended cross-complaint is in the nature of typical litigation subject to a special motion to strike. (See *Ericsson GE Mobile Communications, Inc. v. C.S.I. Telecommunications Engineers* (1996) 49 Cal.App.4th

1591, 1599-1600 [57 Cal.Rptr.2d 491], disapproved on another point in *Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1123, fn. 10; *Wilcox v. Superior Court, supra,* 27 Cal.App.4th at pp. 815-817.)

█ As to Mr. Kass and the Manning law firm, they had standing to bring the special motion. The third amended cross-complaint arises from Mr. Kass and the Manning law firm exercising their own free expression rights, albeit on behalf of Allstate. As to whether Mr. Kass and the Manning law firm, as the lawyers for Financial and Allstate, had standing to bring the special motion to strike, this issue is resolved by the language of section 425.16 subdivision (b)(1), which states in pertinent part: "A cause of action against a person arising from any act of *that person* in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike . . . ." (Italics added.) As can be noted, the italicized language requires that the defendant, or in this case the cross-defendant, be the individual who is or was being sued for exercise of "that person['s]" right of petition or free expression. We recognize that in some cases a lawyer may not be "that person" within the meaning of section 425.16, subdivision (b)(1) exercising free expression or petition rights. Under some circumstances, "that person" will merely be the client but not the attorney.

Our analysis concerning the effect of the "that person" language is consistent with documents prepared for review by the Legislature prior to the adoption of section 425.16. The report prepared for the Senate Judiciary Committee on Senate Bill No. 1264 stated: "This bill would provide that a cause of action against a person arising from any act of that person in furtherance of his or her constitutional right of petition or free speech . . . ." (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1264 (1991-1992 Reg. Sess.) Feb. 25, 1992, p. 2.) The Senate Rules Committee noted, "This bill provides that a lawsuit against a defendant for that person's acts in furtherance of constitutional free speech or petition rights . . . is subject to a special motion to strike . . . ." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1264 (1991-1992 Reg. Sess.) Mar. 27, 1992, p. 1.) An Assembly subcommittee report stated: "This bill states that a cause of action against a person arising out of the person's exercise of his or her constitutional rights of petition and free speech '. . . shall be subject to a special motion to strike' . . . ." (Assem. Com. on the Administration of Justice, Rep. on Sen. Bill No. 1264 (1991-1992 Reg. Sess.) June 30, 1992, p. 2, original underscoring.) The minority analysis prepared for the Assembly Committee on Judiciary described the effect of Senate Bill No. 1264 as follows, "Defendants by motion, assert that such suit infringes on their free speech rights . . . ." (Assem. Com. on Judiciary,

Minority Analysis of Sen. Bill No. 1264 (1991-1992 Reg. Sess.) June 30, 1992, p. 1.) The Legislative Counsel's Digest for Senate Bill No. 1264 states, "This bill would also provide that a cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . ." (Legis. Counsel's Dig., Sen. Bill No. 1264, 4 Stats. 1992 (1991-1992 Reg. Sess.) Summary Dig., p. 294.) These documents indicate that the person whose exercise of free expression or petition rights resulted in their being sued can bring the special motion to strike. No legislative history documents indicate such a person's lawyer may bring a special motion to strike unless the attorney exercised free exercise or petition rights and such led to the retaliatory litigation.

In the present case though, the allegations of the third amended cross-complaint arise from Mr. Kass and the Manning law firm exercising free expression rights, albeit also on behalf of their clients. As noted previously, the tenth cause of action of the third amended cross-complaint alleged violations of the Unfair Practices and Unruh Civil Rights Acts by Allstate, Financial, Mr. Kass, and the Manning law firm. The conduct included using media access so as to extort settlement of meritless claims. The only settled claim mentioned in the third amended cross-complaint was that resolved by the October 1997 settlement agreement between Financial and Mr. Shekhter. The media access referred to in the third amended cross-complaint included the "dissemination of nationally syndicated articles based upon information made confidential by the settlement agreement." The third amended cross-complaint alleged that Allstate, Mr. Kass, and the Manning law firm violated the October 1997 settlement agreement by disclosing only portions of Ms. Cline's partially completed deposition. In March or April 1998, Allstate, Mr. Kass, and the Manning law firm were alleged to have acted as follows: "[Cross-defendants] contacted various broadcasting companies and advised that they had filed a suit against the 'largest fraud ring ever' operating in Los Angeles County . . . ." It was also alleged that Ms. Cline was interviewed by a "nationally syndicated journalist" at the Manning law firm's offices in April 1998. The tenth cause of action was also based on: the issuance of press releases relating to the settlement; the issuance of purportedly fabricated and false releases concerning the testimony of Ms. Cline; the publication of parts of her deposition; and the disclosure of "confidential material to publishers and broadcasters." This is a case where the allegations against the lawyer, Mr. Kass, and his law firm, arose from the exercise of free expression rights. Therefore, Mr. Kass and the Manning law firm had the right to bring a special motion to strike because they fell within the scope of the "that person" language in section 425.16, subdivision (b). This analysis is consistent with the requirement imposed by section 425.16, subdivision (a) that the special motion to strike be "broadly construed." (*Ketchum v. Moses*

(2001) 24 Cal.4th 1122, 1130-1131 [104 Cal.Rptr.2d 377, 17 P.3d 735]; *Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1119.) We do not address the issue of whether the special motion to strike could have been brought by Mr. Kass and the Manning law firm based on the exercise of the right to petition since they were acting as counsel in the Financial litigation.

■ We turn to the question whether Mr. Shekhter established a probability that he would prevail on his unlawful business practices and Unruh Civil Rights Act cause of action against Allstate, Financial, Mr. Kass, and the Manning law firm. (§ 425.16, subd. (b)(1); *Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at pp. 646-647.) The evidence offered in opposition to the section 425.16 motions consisted of two declarations, that of Mr. Shekhter and of his attorney, Steven Zelig. Both declarations addressed the merits of Mr. Shekhter's claim certain cross-defendants had breached the agreement settling the Financial action. Allstate was not a party to that settlement agreement and it was not named as a defendant in any cause of action for its breach. Mr. Shekhter offered *no evidence* in support of his tenth cause of action for unlawful business practices and Unruh Civil Rights Act violations. Therefore, Mr. Shekhter failed to establish that there was a probability he would prevail on that claim against Allstate, Financial, Mr. Kass, or the Manning law firm. Hence, the section 425.16 special motions to strike the third amended cross-complaint should have been granted. (*Conroy v. Spitzer* (1999) 70 Cal.App.4th 1446, 1454 [83 Cal.Rptr.2d 443]; *Beilenson v. Superior Court* (1996) 44 Cal.App.4th 944, 950 [52 Cal.Rptr.2d 357].) We reverse the order denying the special motions to strike. On remand, the trial court is to enter a new order dismissing the third amended cross-complaint as to Allstate and the tenth cause of action as to Financial, Mr. Kass, and the Manning law firm. In addition, on remand, the trial court must rule on any attorney fees motions brought pursuant to section 425.16, subdivision (c).

Allstate, Financial, Mr. Kass, and the Manning law firm assert they are also entitled to recover their appellate attorney fees. We agree. (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [54 Cal.Rptr.2d 830]; *Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at p. 659; *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499-1500 [45 Cal.Rptr.2d 624].) The attorney fees amount on appeal shall be determined by the trial court. (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, supra,* 47 Cal.App.4th at p. 785; *Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at p. 659; *Evans v. Unkow, supra,* 38 Cal.App.4th at pp. 1499-1500.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

## IV.  DISPOSITION

The order denying the Code of Civil Procedure section 425.16 motions brought by Allstate Insurance Company, Financial Indemnity Company, Dennis B. Kass, and Manning & Marder, Kass, Ellrod, Ramirez, is reversed. On remand, the trial court is directed to enter a new order granting Allstate Insurance Company's motion to strike the third amended cross-complaint pursuant to Code of Civil Procedure section 425.16. Further, the trial court is to grant the special motion to strike of Financial Indemnity Company, Dennis B. Kass, and Manning & Marder, Kass, Ellrod, Ramirez as to the tenth cause of action of the third amended cross-complaint pursuant to Code of Civil Procedure section 425.16. Further, the trial court is to consider and rule upon the attorneys fees requests of Allstate Insurance Company, Financial Indemnity Company, Dennis B. Kass, and Manning & Marder, Kass, Ellrod, Ramirez, including those incurred on appeal pursuant to Code of Civil Procedure section 425.16, subdivision (c). The order compelling arbitration of the third (as to Financial Indemnity Company) and fourth (as to Dennis B. Kass and Manning & Marder, Kass, Ellrod, Ramirez) causes of action of the third amended cross-complaint is reversed only insofar as it refused enforcement of the damages limitation in the arbitration agreement; in all other respects it is affirmed. On remand, the trial court is directed to afford the parties a reasonable opportunity to present evidence as required by Civil Code section 1670.5, subdivision (b). Finally, the cross-defendants shall recover their costs on appeal from Naum "Neil" Shekhter, the amount of which shall be determined by the trial court.

Grignon, J., and Willhite, J.,† concurred.

---

*See footnote, *ante*, page 141.

†Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.