[No. D037586. Fourth Dist., Div. One. Dec. 24, 2001.]

RICHARD A. CHAVEZ et al., Plaintiffs and Respondents, v. ENRIQUETA MENDOZA et al., Defendants and Appellants.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Discussion part II.

COUNSEL

Higgs, Fletcher & Mack and David R. Clark for Defendants and Appellants.

Paluso & Sceper, Duane H. Sceper; and David A. Kay for Plaintiffs and Respondents.

OPINION

**HALLER, J.**—In the published portion of this opinion, we hold plaintiffs' malicious prosecution cause of action was subject to a special motion to strike under California's anti-SLAPP (strategic lawsuit against public participation) statute. (Code Civ. Proc., § 425.16.) In the unpublished portion of the opinion, we conclude plaintiffs met their burden to establish a probability they would prevail on their malicious prosecution claim. Accordingly, we affirm the order denying defendants' anti-SLAPP motion.

### FACTUAL AND PROCEDURAL SUMMARY

In February 1999, Enriqueta Mendoza filed suit against Farmers Insurance Group of Companies (Farmers) and Farmers agents, Richard A. and Ina Chavez, asserting numerous contract and tort claims. In their answer, the Chavezes admitted they owed Mendoza $130,000 on a promissory note, but denied liability on the remaining claims. After Mendoza presented her case at trial on these remaining claims, the court granted the Chavezes' motion for nonsuit and granted judgment in the Chavezes' favor on all claims except the $130,000 admitted liability and interest on that liability.

The Chavezes then filed a malicious prosecution complaint against Mendoza and her attorney in the underlying action, Maria Veizaga (collectively Mendoza). The Chavezes alleged Mendoza asserted the unsuccessful claims without probable cause and for an improper motive. Mendoza responded by filing an anti-SLAPP motion under Code of Civil Procedure section 425.16 (section 425.16). The Chavezes opposed the motion, arguing (1) the anti-SLAPP statute is not applicable to a malicious prosecution action; and (2) the facts show the Chavezes were likely to prevail on their malicious prosecution complaint.

The trial court denied Mendoza's anti-SLAPP motion, concluding Mendoza failed to show the malicious prosecution complaint falls within the provisions of section 425.16. The court therefore did not reach the issue whether the Chavezes established a probability they would prevail on their claim.

Mendoza appeals.

## DISCUSSION

Section 425.16, known as the anti-SLAPP statute, permits a court to dismiss certain types of nonmeritorious claims early in the litigation. (See *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1414 [103 Cal.Rptr.2d 174].) In bringing a section 425.16 motion to strike, the defendant has the initial burden to make a prima facie showing that the plaintiff's claims are subject to section 425.16. (*Dowling v. Zimmerman, supra,* at p. 1417.) If the defendant makes that showing, the burden shifts to the plaintiff to establish a probability he or she will prevail on the claim at trial, i.e., to proffer a prima facie showing of facts supporting a judgment in the plaintiff's favor. (*Ibid.*) Under these general principles, we analyze whether the parties met their respective burdens.

### I. *A Malicious Prosecution Claim May Be Subject to California's Anti-SLAPP Statute*

Section 425.16, subdivision (b)(1) defines the types of claims that are subject to the anti-SLAPP procedures. These claims include causes of action *"arising from"* an *"act of that person in furtherance of the person's right of petition . . . under the United States or California Constitution in connection with a public issue."* (§ 425.16, subd. (b)(1), italics added.)

 It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564] (*Briggs*); see *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 19 [43 Cal.Rptr.2d 350]; *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 647-648 [49 Cal.Rptr.2d 620].) " ' "[T]he constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action." ' " (*Briggs, supra,* 19 Cal.4th at p. 1115; *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 784 [54 Cal.Rptr.2d 830]; *Ludwig v. Superior Court, supra,* 37 Cal.App.4th at p. 19.) Further, the filing of a judicial complaint satisfies the "in connection with a public issue" component of section 425.16, subdivision (b)(1) because it pertains to an official proceeding. (*Briggs, supra,* 19 Cal.4th at p. 1109; see *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 566-567 [92 Cal.Rptr.2d 755] (*DuPont Merck*).)

Under these accepted principles, a cause of action arising from a defendant's alleged improper filing of a lawsuit may appropriately be the subject of a section 425.16 motion to strike. (See *Shekhter v. Financial Indemnity Co.* (2001) 89 Cal.App.4th 141, 151 [106 Cal.Rptr.2d 843].) The essence of the

Chavezes' malicious prosecution claim is that the plaintiff in the underlying action (Mendoza) filed litigation that was improper because it was allegedly filed with a malicious motive and without probable cause. This claim "aris[es] from" the defendant's constitutionally protected petitioning activity, and therefore is subject to the anti-SLAPP statute. (§ 425.16, subd. (b)(1).)

The Chavezes criticize this analysis as "breathtakingly simple," but the application of a statute to a particular set of facts need not be complex to be correct. Further, although no published California decision has specifically considered the question whether a malicious prosecution claim can be subject to the anti-SLAPP statute, several California appellate courts have recently held section 425.16 applicable to causes of action that are functionally indistinguishable from malicious prosecution claims. (See *Computer-Xpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1005-1010, 1015 [113 Cal.Rptr.2d 625] (*ComputerXpress*) [holding plaintiff's abuse of process claim based on defendants' filing of an SEC (Securities and Exchange Commission) complaint was subject to the anti-SLAPP statute]; *Shekhter v. Financial Indemnity Co., supra,* 89 Cal.App.4th at p. 151 [holding claim arising from the allegedly improper filing and prosecution of prior action arose "from litigation activity" and therefore "may appropriately be the subject of a section 425.16 motion"]; see also *Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at pp. 647-649 [holding that a complaint seeking to overturn a prior judgment based on alleged bias of trial judge was subject to anti-SLAPP statute].)[2]

Despite the statutory and case law supporting the applicability of section 425.16 to a malicious prosecution claim, the Chavezes urge us to reach a contrary conclusion because they say applying the statute in this context would undermine section 425.16's purpose of deterring frivolous lawsuits. The Chavezes maintain that permitting malicious prosecution defendants to obtain relief under the anti-SLAPP statute will merely "protect" those who file meritless complaints and therefore "turn[ ] the statutory purpose on its head."

 This argument is unavailing because a court is required to interpret a statute as written and not to construe the statute to reach a result that it thinks the Legislature was intending to accomplish. (*People v. Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].) Moreover, although the

---

[2]Other jurisdictions have likewise held that actions in the form of malicious prosecution claims are subject to strike under anti-SLAPP statutes. (See *McLarnon v. Jokisch* (2000) 431 Mass. 343, 347 [727 N.E.2d 813, 817]; see also Stetson, *Reforming SLAPP Reform: New York's Anti-SLAPP Statute* (1995) 70 N.Y.U. L.Rev. 1324, 1329.)

Chavezes' argument has intuitive appeal, it ultimately fails because the Chavezes are confusing the threshold question concerning the applicability of the anti-SLAPP statute with the question whether a malicious prosecution plaintiff can establish a probability of success on the merits. ■ The purpose of section 425.16 is not to prevent lawsuits that arise from the exercise of constitutional rights, but it is to deter frivolous and improperly motivated lawsuits arising from those rights. Section 425.16 provides a "fast and inexpensive unmasking and dismissal" of frivolous claims that are subject to the statute. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 823 [33 Cal.Rptr.2d 446].) ■ Thus, a determination that the anti-SLAPP statute applies to a malicious prosecution claim will not prevent valid malicious prosecution claims, but will require a plaintiff bringing this claim to demonstrate early on that the complaint is supported by a sufficient prima facie showing of facts to sustain a favorable judgment. This result is consistent with the disfavored nature of the malicious prosecution tort, and the view that such claims are too frequently used as a dilatory and harassing device, and that the remedy for frivolous "litigation does not lie in an expansion of malicious prosecution liability." (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 873 [254 Cal.Rptr. 336, 765 P.2d 498]; see also *Crowley v. Katleman* (1994) 8 Cal.4th 666, 680 [34 Cal.Rptr.2d 386, 881 P.2d 1083].)

In a related argument, the Chavezes contend that because the court in the underlying action determined Mendoza's unsuccessful causes of action lacked evidentiary support, the action did not involve a constitutionally protected right to petition. ■ Section 425.16 applies only when the claims arise from an exercise of a constitutionally protected right (*Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1363-1367 [102 Cal.Rptr.2d 864]), and the courts have recognized that a person does not have a constitutionally protected right to file a complaint that is unsupported by the facts. (See *McDonald v. Smith* (1985) 472 U.S. 479, 485 [105 S.Ct. 2787, 2791, 86 L.Ed.2d 384].) But "[t]he Legislature did not intend that in order to invoke the special motion to strike the defendant must first establish her actions are constitutionally protected under the First Amendment as a matter of law." (*Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 305 [106 Cal.Rptr.2d 906]; accord, *Paul for Council v. Hanyecz, supra,* 85 Cal.App.4th at p. 1365; *DuPont Merck, supra,* 78 Cal.App.4th at p. 566.) Instead, under the statutory scheme, a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis, and then permit the parties to address the issue in the second step of the analysis, if necessary. (*Fox Searchlight Pictures, Inc. v. Paladino, supra,* 89 Cal.App.4th at p. 305.) Otherwise, the second step would become superfluous in almost every case, resulting in an improper shifting of the burdens.

(*Ibid.*) A limited exception to the rule precluding a court from determining the validity of the asserted constitutional right in the first step of the anti-SLAPP analysis applies only where the defendant indisputably concedes the claim arose from illegal or constitutionally unprotected activity. (*Paul for Council v. Hanyecz, supra,* 85 Cal.App.4th at p. 1365.) The exception does not apply here because the parties dispute whether Mendoza's claims were supported in the initial action.

The Chavezes next argue that section 425.16 is inapplicable because the malicious prosecution action could not have had a "chilling effect" on Mendoza's decision to assert the earlier claims because Mendoza's lawsuit terminated before the Chavezes filed their malicious prosecution lawsuit. However, as this court has recognized, the potential for a malicious prosecution claim does have a "chilling effect on the willingness of persons to report crimes or pursue legal rights and remedies in court . . . ," even though the claim is necessarily brought after the termination of the prior action. (*Ferreira v. Gray, Cary, Ware & Freidenrich* (2001) 87 Cal.App.4th 409, 413 [104 Cal.Rptr.2d 683].) █ Moreover, the courts have never held section 425.16 applies only when a defendant's exercise of his or her First Amendment rights is ongoing. The critical point is whether the cause of action itself was based on an act in furtherance of the right of petition or free speech. (See *ComputerXpress, supra,* 93 Cal.App.4th at pp. 1002-1003.) Claims that arise from a defendant's prior free speech or petition activities are subject to an anti-SLAPP motion regardless of whether the protected activities have concluded before the lawsuit was filed.

The Chavezes' final argument is that section 425.16 does not apply here because there was no showing they were "in a position to obtain an economic advantage over [Mendoza] by prosecuting a meritless action designed to divert resources from some other political or judicial contest." █ Although the anti-SLAPP law was originally envisioned to apply narrowly only when " 'powerful and wealthy' " developers bring claims against financially weak protestors (*M. G. v. Time Warner, Inc.* (2001) 89 Cal.App.4th 623, 628-629 [107 Cal.Rptr.2d 504]; *Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 240 [83 Cal.Rptr.2d 677]), the Legislature ultimately wrote the law as applying regardless of the relative economic strength of the parties, and then amended the statute to direct that its provisions be interpreted broadly. (§ 425.16, subd. (a).) The courts are thus required to apply the statute without regard to the financial motivations or resources of the parties.

We conclude the trial court erred in determining the Chavezes' malicious prosecution complaint was not subject to anti-SLAPP procedures.

II. *The Chavezes Adequately Established a Probability of
Prevailing on the Merits**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Order affirmed. The parties to bear their own costs on appeal.

Huffman, Acting P. J., and Nares, J., concurred.

A petition for a rehearing was denied January 9, 2002.

---

*See footnote 1, *ante*, page 1083.