Donald C. HILL; Dena C. Hill, Plaintiffs–Appellants,

v.

CITY OF EL SEGUNDO; James W. Morrison; Mike Gordon; Liam Weston; Jane Friedkin; Nancy Wernick; Sandy Jacobs; Laurie B. Jester; Linda Lidster, aka Linda Robinson; Ron Darville; Burke, Williams and Sorensen; Brent Bernard, Defendants–Appellees.

No. 00–57093.

D.C. CV–98–01463 LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2002.[1]

Decided Feb. 8, 2002.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM [2]

Don and Dena Hill ("the Hills") appeal the district court's dismissal of their Fourth Amendment and state law claims and summary judgment in favor of the City of El Segundo ("the City") on their First Amendment claims.[3] We have jurisdiction under 28 U.S.C. § 1291, and affirm the district court for the reasons set forth below.

We affirm the district court's dismissal of the Hills' Fourth Amendment claim against the City for malicious prosecution. Dismissal of a criminal complaint "in the interests of justice" is not a favorable termination for purposes of a malicious prosecution claim. *See People v.*

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. The Hills filed a first amended complaint, which was dismissed in part with prejudice and in part with leave to amend. The Hills then filed a second amended complaint. As to the second amended complaint, the district court dismissed the Hills' Fourth Amendment and state law claims with prejudice and dismissed the Hills' First Amendment claims with leave to amend. The Hills then filed a third amended complaint, alleging only their First Amendment claims. The district court granted summary judgment in favor of the City on these claims. It is clear that the Hills have had ample opportunity to amend their pleadings to state cognizable claims for relief, but that they failed to do so.

*Matthews,* 7 Cal.App.4th 1052, 9 Cal. Rptr.2d 348, 349 (Cal.Ct.App.1992).

■ The Hills' state law tort claim for intentional interference with prospective economic advantage was properly dismissed for failure to state a claim. The Hills' complaint does not identify an economically gainful relationship between the Hills and a third party—presumably a hypothetical buyer for their property. *See Blank v. Kirwan,* 39 Cal.3d 311, 216 Cal. Rptr. 718, 703 P.2d 58, 70 (Cal.1985) (affirming lower court's dismissal for failure to state a claim where the plaintiff "plead no protectible 'expectancy,' but at most a hope for an economic relationship and a desire for future benefit"). Also missing from the Hills' complaint is an allegation that the City employees acted with the intent to interfere with the Hills' future economic gain in the sale of their home.

The Hills' state law tort claims for fraudulent misrepresentation and promissory estoppel were properly dismissed as barred by the California Tort Claims Act. *See* Cal. Gov.Code §§ 821.2, 822.2, 911.2. The Hills' attempt to characterize their promissory estoppel claim as an action in contract, and not tort law, is unavailing.

■ As to the Hills' First Amendment retaliation claims, based on the prosecution for municipal code violations, conduct leading up to the filing of the criminal complaint, and other conduct independent of the prosecution, we affirm. The Hills claim that the criminal charges were filed, and that the City employees engaged in adverse conduct, in retaliation for Mr. Hill's speech critical of the City government. The district court correctly ruled that the Hills' First Amendment retaliation claim against the City based on the prosecution for municipal code violations was barred because the City was not a party to that prosecution. Under California law, the prosecution for municipal code violations is brought "on behalf of the State," and therefore the City was not a party to that prosecution. *See* Cal. Gov. Code § 36900.

As to conduct leading up to the filing of the criminal complaint the prosecuting attorney's independent decision to prosecute breaks the chain of causation. *See Smiddy v. Varney,* 665 F.2d 261, 265–67 (9th Cir.1981). Here, the Hills concede that the only actual damages that they suffered arose out of their prosecution; neither the Building Department's actions nor the City Council's actions did them any harm apart from the prosecution itself. Therefore, the City cannot be liable because neither of those acts caused them harm.

As to conduct that occurred after the time of, and independent of, the filing of the criminal prosecution, the district court concluded that the Hills failed to establish that Inspector Lidster's allegedly misleading declaration was made pursuant to an official City custom, policy or practice as required to trigger municipal liability under *Monell v. Dep't of Social Services,* 436 U.S. 658, 690–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We agree with this conclusion and affirm the district court's decision that the City could not be liable for any injuries that might have stemmed from this conduct.

■ Finally, we affirm the district court's decision to award attorneys' fees to the City under California's anti-SLAPP statute for costs expended in bringing a special motion to strike the Hills' state law claim for intentional infliction of emotional distress ("IIED"). *See* Cal.Code Civ. Pro. § 425.16(b)(1). SLAPP lawsuits are "civil lawsuits ... that are aimed at preventing citizens from exercising their political rights or punishing those who have done so." *Church of Scientology v. Wollersheim,* 42 Cal.App.4th 628, 49 Cal.Rptr.2d

620, 629 (Cal.Ct.App.1996) (internal citations omitted). "The anti-SLAPP statute was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife International, Inc. v. Wornick,* 264 F.3d 832, 839–40 (9th Cir.2001). The anti-SLAPP statute allows the City to file a special motion to strike (akin to a motion to dismiss) and to recover attorneys' fees for having to defend against the Hills' IIED claim, which is based on "act[s] in furtherance of [the City's] right of ... free speech," as defined by the anti-SLAPP statute. Cal.Code Civ. Pro. § 425.16(b)(1). In order to prevail, the City must make a prima facie showing that the Hills' cause of action arises from the City's and city employees' free speech activity as defined by the statute. The burden then shifts to the Hills to establish a reasonable probability that the Hills would prevail in their IIED claim. *See United States v. Lockheed Missiles & Space Company,* 190 F.3d 963, 971 (9th Cir.1999). If the City prevails on a special motion to strike, it is entitled to attorneys' fees and costs to compensate it for the expense of responding to the SLAPP suit and the motion. Cal.Code Civ. Pro. § 425.16(c).

California courts have interpreted the anti-SLAPP statute to extend to governmental entities, such as the City of El Segundo, and their representatives. *See Bradbury v. Superior Court,* 49 Cal. App.4th 1108, 57 Cal.Rptr.2d 207, 211 (Cal. Ct.App.1996). The anti-SLAPP statute defines "act[s] in furtherance of a person's right of petition or free speech" as:

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

Cal.Code Civ. Pro. § 425.16(e).

■ As a matter of law, the Ninth Circuit has held that California's anti-SLAPP statute is not preempted by the Federal Rules of Civil Procedure and is applicable in federal cases. *See United States v. Lockheed Missiles & Space Company,* 190 F.3d 963, 971 (9th Cir.1999).

■ The Hills' IIED claim is based in part on an alleged "whisper campaign," which included statements made at legislative and other official proceedings by City officials in a public forum, in connection with an issue of public interest: the removal of Mr. Hill, a member of a City agency, for alleged misconduct. Thus, conduct by the City officials is subject to the protections of the anti-SLAPP statute. *See* Cal.Code Civ. Pro. §§ 425.16(e)(1) and 425.16(e)(3); *see also Aisenson v. American Broadcasting Co.,* 220 Cal.App.3d 146, 269 Cal.Rptr. 379, 382 (1990) (noting that "[p]ublic discussion about the qualifications of those who hold or who wish to hold positions of public trust present the strongest possible case for applications of the safeguards afforded by the First Amendment") (citing *Ocala StarBanner Co. v. Damron,* 401 U.S. 295, 300, 91 S.Ct. 628, 28 L.Ed.2d 57 (1971)). The Hills' claim for intentional infliction of emotional distress is also based on the filing of the criminal complaint against them. This conduct constitutes a publication made in a judicial proceeding, which is also within the scope of the anti-SLAPP statute. *See* Cal.Code Civ. Pro. § 425.16(e)(1); *see also Shekhter, v. Financial Indemnity Company,* 89 Cal.App.4th 141, 106 Cal.Rptr.2d

843, 850 (Cal.Ct.App.2001) ( concluding that "[a] cause of action arising from litigation activity may appropriately be the subject of a section 425.16 motion").

We agree with the district court and conclude that the City has satisfied its burden that the Hills' IIED claim arises from the City's protected conduct under the anti-SLAPP statute. The district court further concluded that the Hills failed to establish that they would probably prevail on their IIED claim, and the Hills make no showing of a probability of success in their appellate briefs. Therefore, we conclude that the district court correctly sanctioned the Hills for unsuccessfully pleading a cause of action which alleged injury based on the City's statutorily protected free speech activities.

AFFIRMED.