[No. B176874. Second Dist., Div. Five. Jan. 19, 2006.]

KAREN MORAN et al., Plaintiffs and Respondents, v.
BERNARD ENDRES et al., Defendants and Appellants.

**COUNSEL**

Bernard Endres, in pro. per., for Defendants and Appellants.

Law Offices of Pardeep Joshi and Pardeep Joshi for Plaintiffs and Respondents.

**OPINION**

**ARMSTRONG, J.**—This case raises a single issue, denial of attorney fees to defendants after their special motion to strike under Code of Civil Procedure[1] section 425.16 was sustained as to only one of many causes of action. We affirm, as we explain: Karen Moran, Patricia Moore-Joshi, and Luisa Dunn sued appellants Bernard and Frances Endres and others. Factually, the complaint alleged that plaintiffs were members of the Topanga Christian Fellowship, and that defendants had committed various torts as part of a wrongful attempt to control that church.[2] Against the appealing defendants, the causes of action were defamation, placing in a false light, intrusion upon

---

[1] All further statutory references are to that code.

[2] Respondents' request that we take judicial notice of a judgment and order in other cases arising from this dispute is denied, in that those documents are not relevant to our discussion or disposition of this matter.

seclusion, assault, battery, civil conspiracy, and intentional infliction of emotional distress, and, as to Bernard Endres, a cause of action titled making private facts public.

All defendants made a special motion to strike the entirety of the complaint, contending that the lawsuit was filed to chill their right to free speech and in retaliation for a lawsuit they had filed, and that the complaint should be stricken because its subject matter was ecclesiastical—for example, defendants contended that the court could not decide the defamation cause of action without deciding whether the allegedly defamatory statement was true, which meant deciding whether a given individual was or was not possessed by Satan, a matter outside the jurisdiction of the courts.

The court granted the motion as to one cause of action, civil conspiracy, and denied it as to all other causes of action, finding that those causes of action were not within the purview of the statute.

On the request for fees, the court found that "In light of the Court's conclusion that the moving parties were correct as to only one of the eleven causes of action, and that the relief which the moving parties received is minimal compared with the goals of their motions such that they cannot be found to have truly 'prevailed,' the Court declines to award attorney's fees to any party. The Court would likewise decline to award attorney's fees to plaintiffs if attorney's fees were sought by plaintiffs."

On appeal, defendants challenge the trial court order denying them attorney fees, contending that when a defendant prevails on a special motion to strike, or even partially prevails, an award of fees is mandatory. We think the trial court's reasoning was sound and that its ruling is not subject to reversal.

 Defendants sought to dismiss the entire complaint, and instead obtained only the most illusory victory. The factual allegations defendants faced were not changed when the cause of action for conspiracy was stricken, because that cause of action included no specific factual allegations, but instead incorporated the factual allegations made in the other causes of action. Further, as a legal matter, the cause of action for conspiracy added little or nothing to plaintiffs' case. "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. . . . [¶] Standing alone, a conspiracy does

no harm and engenders no tort liability. It must be activated by the commission of an actual tort." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510–511 [28 Cal.Rptr.2d 475, 869 P.2d 454].) "A conspiracy cannot be alleged as a tort separate from the underlying wrong it is organized to achieve." (*Id.* at p. 513.) Thus, both before and after the special motion to strike, these plaintiffs had to prove commission of the torts they alleged, and defendants had to defend that case.

To be blunt, defendants' motion accomplished nothing, except that plaintiffs were put to the cost of defending the motion. The possible recovery against defendants did not change. The factual allegations which defendants had to defend did not change. The work involved in trying the case did not change. Defendants' burden concerning their jurisdictional defense did not change. The case was essentially the same after the ruling on the special motion to strike as it was before. The results of the motion were minimal and insignificant, fully justifying the court's finding that defendants should not recover fees.

Section 425.16 was enacted because the Legislature found that "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." Neither the public's nor defendants' right to participate was advanced by this motion.

Defendants primarily rely on *Shekhter v. Financial Indemnity Co.* (2001) 89 Cal.App.4th 141 [106 Cal.Rptr.2d 843]. In that case, we considered, inter alia, the trial court's denial of a special motion to strike a single cause of action. We held that "The fact that other claims remain does not bar a trial judge from granting a section 425.16 special motion to strike." (*Id.* at p. 150.) We also held that the special motion to strike should have been granted as to that cause of action, and that, given that ruling, "the trial court must rule on any attorney fees motions brought pursuant to section 425.16, subdivision (c)." (*Id.* at p. 154.) Subdivision (c), of course, gave the trial court discretion to award fees to the plaintiff on a finding that the motion—which was denied in part—was frivolous or intended to cause delay. Nothing in *Shekhter* compels a reversal in this case, where the trial court considered the motion and ruled on it.

Defendants also cite *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993 [113 Cal.Rptr.2d 625]. That case pointed out that section 425.16 "reflects a clear preference for awarding fees and costs to prevailing defendants," and suggests that the analogous statutes are title 42 United States Code section 1988 and section 1021.5, in that those statutes, too, evidence a legislative intent that one party will enjoy a preference for attorney fees "if they are successful." (93 Cal.App.4th at p. 1018.) *ComputerXpress* held that

defendants in that case should be considered prevailing parties, thus implicitly finding that a trial court may conduct a prevailing party analysis. Further, in that case, the court reversed a trial court ruling denying the motion to strike, finding that several causes of action, including abuse of process, trade libel, and interference with economic advantage should have been stricken. Those defendants achieved significant, meaningful results with their motion. Defendants here did not.

■ In *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 215 [123 Cal.Rptr.2d 647], we said that "the award of attorney fees to a defendant who successfully brings a special motion to strike is not discretionary but mandatory. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [104 Cal.Rptr.2d 377, 17 P.3d 735].)" Here, we add only that when a defendant cannot in any realistic sense be said to have been successful, fees need not be awarded. Defendants here sought to dismiss the case against them, but instead obtained a ruling which in every practical sense meant nothing. That does not entitle them to fees.

■ In their reply brief, defendants also argue that the trial court should have granted their motion as to additional causes of action. "Points raised for the first time in a reply brief will not be considered." (*Malmstrom* v. *Kaiser Aluminum & Chemical Corp.* (1986) 187 Cal.App.3d 299, 320 [231 Cal.Rptr. 820].)

Finally, plaintiffs argue that the trial court erred by striking the cause of action for civil conspiracy. Plaintiffs did not file a notice of appeal. The issue is not before us.

Disposition

The judgment is affirmed.

Turner, P. J., concurred.

**MOSK, J., Concurring.**—I concur.

I concur in the disposition. Code of Civil Procedure section 425.16—the SLAPP statute (strategic lawsuit against public participation)—has resulted in numerous appeals that involve various ambiguities and apparent unintended consequences. The Supreme Court stated that once a SLAPP motion "was successful, attorney fees were *mandatory* under Code of Civil Procedure section 425.16, subdivision (c)." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141–1142 [104 Cal.Rptr.2d 377, 17 P.3d 735].)

The court in *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1016–1021 [113 Cal.Rptr.2d 625] (*ComputerXpress*) discussed whether a party who prevails on a SLAPP motion as to some causes of action but not others, is a prevailing party for purposes of an attorney fees award under the SLAPP statute. The court concluded, "The approach adopted in the cases applying those analogous statutes, under which partial success *reduces but does not eliminate* the entitlement to attorney fees, therefore should be applied here." (93 Cal.App.4th at p. 1020, italics added.)

There appears to be a caveat expressed in a United States Supreme Court case involving an "analogous" statute—title 42 United States Code section 1988. The court in *Hensley v. Eckerhart* (1983) 461 U.S. 424, 433 [76 L.Ed.2d 40, 103 S.Ct. 1933] said, " 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any *significant* issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " (Italics added.) (This was cited in *ComputerXpress, supra,* 93 Cal.App.4th at p. 1019.) Similarly, as noted in *ComputerXpress,* in *Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1392 [107 Cal.Rptr.2d 29], applying the attorney fees provision of the California Public Records Act (Govt. Code, § 6259, subd. (d)), "the court acknowledged the possibility that in some cases a plaintiff might obtain documents that are so minimal or insignificant as to justify a finding that it did not prevail." (*ComputerXpress, supra,* 93 Cal.App.4th at p. 1020.)

Here, the successful motion to strike was so insignificant that defendants should not be viewed as prevailing defendants for purposes of an attorney fee award. For that reason I concur.

On January 27, 2006, the opinion was modified to read as printed above.