Filed 9/6/13

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HOWARD CHO,<br><br>    Cross-complainant and Respondent,<br><br>         v.<br><br>JESSICA CHANG,<br><br>    Cross-defendant and Appellant. | B239719<br><br>(Los Angeles County<br>Super. Ct. No. BC461776) |

        APPEAL from an order of the Superior Court of Los Angeles County, Michael Johnson, Judge.  Affirmed.

        Henry M. Lee Law Corporation, Henry M. Lee, and Robert Myong for Cross-defendant and Appellant.

        Ballard Rosenberg Golper & Savitt, Linda Miller Savitt, Linda B. Hurevitz, and Christine T. Hoeffner for Cross-complainant and Respondent.

_____

        *This case is certified for publication except for parts I, II and IV of the Discussion.

Appellant Jessica Chang appeals from a trial court order that in part denied her special motion to strike. After Chang filed suit against respondent Howard Cho and codefendant Midway International, Inc. (Midway) for sexual harassment and related torts, Cho filed a cross-complaint against Chang, alleging defamation and intentional infliction of emotional distress. Chang filed a special motion to strike the cross-complaint as a "SLAPP" (Strategic Lawsuit Against Public Participation) suit, pursuant to Code of Civil Procedure section 425.16.[1] She contends the activities giving rise to her claims were protected and, hence, that the trial court should have granted her motion in full and struck the cross-complaint in its entirety. Chang also contends she should have been awarded attorney fees.

There is a further complication. Each of the causes of action in the cross-complaint combines allegations of conduct that is protected by the anti-SLAPP statute with conduct that is not.[2] We are satisfied that the better view in such a case is that the trial court may strike the allegations in the cross-complaint attacking the protected activity while allowing the unprotected theories to remain. That is what the trial court did in this case. We shall affirm its ruling.

**FACTUAL AND PROCEDURAL SUMMARY**

Appellant Chang sued her former employer, Midway, and former co-worker, respondent Cho, alleging claims of sexual harassment, unlawful retaliation, and sexual discrimination under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), as well as sexual assault and battery. The complaint is based on incidents at two

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] There is a further complication as to the protected claim. Since Cho has not appealed from this part of the trial court's ruling, as we discuss in the unpublished portion of our opinion, he is precluded from arguing on appeal that he demonstrated probability of prevailing. Of course, no such showing is required for unprotected claims.

holiday events for Midway employees. The first was on November 24, 2010 (November incident), in which Chang alleges Cho "repeatedly touched, groped, and fondled" her. The second was on December 30, 2010 (December incident) in which Chang alleges Cho again fondled and groped her, this time more aggressively than before. In his cross-complaint, Cho alleged that Chang's written statements were "libelous on their face. They expose Cho to hatred, contempt, and obloquy to asserting explicitly that Cho is a lecher, philanderer, lustful and one who commits adultery." He makes essentially the same allegation with respect to Chang's oral statements to co-workers.

In her declaration, Chang alleges that in the months that followed the December incident, Cho was belligerent at work, insulting and berating her in front of co-workers. In March 2011, Chang verbally reported details of the sexual assault and harassment, and the retaliation, to the vice-president of Midway. She then submitted a written summary of her claims. After investigation by the vice-president and by the president and owner of Midway failed to remedy her concerns, Chang filed a discrimination complaint with the United States Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH). She received a right-to-sue letter and filed her complaint against Cho and Midway in May 2011. This was followed by Cho's cross-complaint alleging several causes of action against Chang. The causes of action were for defamation, intentional infliction of emotional distress and negligent infliction of emotional distress.[3] Each stated a claim based on Chang's written report to Midway, the claims she filed with the EEOC and DFEH, and her "oral statements to her co-workers." Chang responded with a special motion to strike the cross-complaint as a SLAPP suit pursuant to section 425.16, arguing that Cho's suit arose from actions in furtherance of her right to free speech and petition. She also sought attorney fees.

---

[3] No facts are alleged regarding the negligent infliction of emotional distress claim, as the claim only appeared on the cross-complaint's title page and proof of service. It was later dropped completely in a subsequent amended cross-complaint.

In his opposition to the motion, Cho argued that Chang failed to make a prima facie case and that her verbal comments to co-workers were not protected activity. He submitted two declarations in support of his opposition, one from Tom Lee, another Midway employee, and the other his own.

Lee declared that on or about March 25, 2011, Chang told him that she had been groped and fondled by Cho. Referring to the December 2010 event, Lee declared that he was with Cho and Chang almost the entire evening and "[a]t no time did I see any physical contact between Howard Cho and Jessica Chang." Lee continued, stating that the week before Chang made the accusation about Cho groping her, she had complained about Cho being hard on her and strict, and that he (Lee) was aware that she was "not doing very well as a Sales Representative and was not able to adequately follow the company's procedures or meet her sales quota," that the last few weeks she had been complaining about the team and the job, and that the day she told him that Cho had touched and fondled her inappropriately, "was many months after the so called event and my impression was she was angry with him about other things." Lee concluded by stating that as soon as Chang told him she was making these accusations against Cho, he "called him [Cho] to tell him what she planned to do."

Cho's declaration states that Chang falsely accused him of sexually harassing her; that she first made these accusations before she filed a complaint and "before she reported these false events", that the two events were voluntary social gatherings of several fellow employees of Midway, not company events, and that employees were not required to attend them. Cho also declared that none of his co-workers or subordinates confirmed her accusations. He continued that on or about March 11, 2011, Midway management returned Chang to a sales associate position, and this was done without consulting him and he made no recommendation about it. He recalled that Lee contacted him over the March 26-27, 2011 weekend and told him of Chang's accusations and that she had made a complaint to management on March 25, 2011. He also named two other employees who, besides Lee, were present with him at the November occasion. Cho

4

declared that he was humiliated by Chang's accusations which caused him considerable distress. The record does not include a declaration by either of the two other co-employees, or by any other co-employee.

The cross-complaint alleges that Cho made an oral complaint to Midway management "on or about March 25, 2011", which was followed by an investigation of the charges by management.

According to the cross-complaint, Chang submitted a written complaint to Midway management on March 25 and 28, 2011  In a declaration she stated that her verbal incident report to management was made in the exercise of her rights to freedom of speech and to petition, and that her written report was made at the request of management.

The court found that although Chang's comments to co-workers were not protected activity, her other statements were, and, as to these, Cho failed to establish a prima facie case. The court also concluded that the litigation privilege (Civ. Code, § 47) did not apply to Chang's comments to co-workers. It granted Chang's anti-SLAPP motion as to the protected activity and denied it as to the unprotected activity. The court denied attorney fees, reasoning the partially successful motion "produced nothing of consequence." This appeal by Chang followed.

## DISCUSSION

### I

Chang contends the trial court erred in partially denying her anti-SLAPP motion because her comments to co-workers was a protected activity. She also argues that these statements were protected by the litigation privilege, and hence that Cho could not rely on them to demonstrate a probability of success on either of his causes of action.[4]

---

[4] Cho's motion to strike portions of Chang's reply brief discussing the litigation privilege and evidentiary objections at trial is denied. The motion is based on the

5

Due to "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances," the Legislature enacted section 425.16 "to encourage continued participation in matters of public significance." (§ 425.16, subd. (a).)  The statute creates a special motion to strike to be used by litigants in response to such SLAPP suits.  (§ 425.16, subd. (b)(1).)

In reviewing an anti-SLAPP motion, the trial court engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.  The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech . . .' as defined in the statute.  (§ 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 (*Equilon Enterprises*).)

On appeal from a section 425.16 ruling, we review the record independently to determine whether the two prongs of the anti-SLAPP analysis have been satisfied. (*Governor Gray Davis Com. v. American Taxpayers Alliance* (2002) 102 Cal.App.4th 449, 456.)

Each of the two causes of action in Cho's cross-complaint, defamation and intentional infliction of emotional distress, is based on three separate and discrete alleged activities by Chang:  (1) Chang's discrimination claim filed with the EEOC and DFEH;

---

argument that the brief raised new issues not argued in the opening brief.  The litigation privilege was sufficiently raised in the opening brief, and the references in the reply brief to evidentiary objections are simply renewed objections made in the trial court without further argument.  Those rulings remained undisturbed.  Nevertheless, as we shall discuss (see part II of our Discussion), Cho did not appeal this ruling granting Chang's anti-SLAPP motion, thus we need not and do not discuss the merits of the litigation privilege.

(2) her written report to Midway management; and (3) her verbal comments to co-workers regarding the November and December incidents.

Section 425.16, subdivision (e) provides examples of acts "'in furtherance of a person's right of petition or free speech.'" Included are "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law"; "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law"; and "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(1)-(2), (4).)

The trial court concluded that the complaint about Cho that Chang made to her employer and the claims she filed with the EEOC and DFEH were protected activities within the meaning of the statute. (§ 425.16, subd. (e)(1) [statement to an executive agency].)

Cho contends that Chang's comments to co-workers were not covered by either the anti-SLAPP statute or the litigation privilege (Civ. Code, § 47(b). The trial court agreed, finding the statements to co-workers were not protected activity under section 425.16 and did not fall within the ambit of the litigation privilege.

Chang's action is based on allegations of conduct by Cho; it does not follow that her statements to third parties about that conduct are protected under section 425.16. The statutory phrase, "in connection with" in the anti-SLAPP statute is not narrowly construed, it must be read with the other language of the statute, and does not encompass any statement made to anyone about a topic. Where the protected activity is a complaint to management or a government agency, or a lawsuit concerning workplace sexual harassment, it must have a demonstrated nexus with that activity, such as an effort to find witnesses to the same or similar conduct. (See *Nguyen v. Proton Technology Corp.* (1999) 69 Cal.App.4th 140, 151 [connection in attorney demand letter was "to be

7

charitable about it, tenuous"]; *Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1268 (collected cases).) Chang submitted no evidence that her comments to Lee or to other co-workers were made to seek the assistance of any other person as a witness or as a person with an interest in the action. While Chang *argues* such a rationale, and presumably could have offered evidence to support it, she offered none. Absent such a showing, we agree with the trial court's finding that Chang's comments to co-workers were not "'in connection with'" the issues in her subsequent lawsuit against Cho and, therefore, are not protected activity pursuant to section 425.16.

Chang also argues the comments are protected as "other conduct in furtherance of [her constitutional rights] in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).) But, as before, she provides no evidence to support this claim. In particular, she does not show how her private statements to co-workers detailing Cho's alleged misconduct furthered her constitutional rights regarding issues of public interest.

Thus, while the trial court concluded that Chang's report to Midway management and her claims filed with the EEOC and DFEH were protected under section 425.16, her comments to co-workers were not. "[W]here a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.16 unless the protected conduct is 'merely incidental' to the unprotected conduct [citations] . . . ." (*Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 103 (*Mann*).) "'[I]t is the principal thrust or gravamen of the [cross-complaint's] cause of action that determines whether the anti-SLAPP statute applies.'" (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 672–673.)

II

"An order granting or denying a special motion to strike shall be appealable under section 904.1." (§425.16, subd. (i).) Chang appealed the denial of her motion to strike the cross-complaint allegations with respect to her statements to co-workers and the denial of attorney fees. Cho did not appeal the granting of the motion in other respects. Under the general rule, this precludes us from considering claims of error which he could

8

have, but did not, raise by appeal. (See Witkin, California Procedure (5th ed., 2008), Appeal, §§ 329, 331, pp. 376, 380.) Unless an exception applies, Cho's failure to cross-appeal precludes our review of his claims that the trial court should have rejected the entire motion to strike. He argues that, on the merits, the trial court erred in granting any of it because Chang's complaint to the employer was not protected activity, and even if it was, he demonstrated a probability of prevailing on the merits.

In a footnote to his reply brief Cho relies on the exception to the general rule applicable to cases where "portions of the judgment adverse to the nonappealing party are so interwoven with the whole that appeal from a part affects the other parts; in such a situation, the appellate court can reverse the entire judgment if necessary to do justice." (Quoting from *In re Marriage of Garrity* (1986) 181 Cal.App.3d 675, 690.) This is not such a case. Cho's causes of action sought relief based on Chang's communications to co-workers, her employer's managers, and governmental agencies. While Cho bundled his causes of action on the basis of the torts alleged, the allegations present discrete claims for each communication. Cho has not demonstrated that success or failure with respect to any one statement would compel the same result with respect to another. We conclude that the exception upon which Cho relies in this footnote does not aid him. We turn next to the problem presented by the fact that each of the challenged causes of action presents mixed claims, some protected by the anti-SLAPP law and some not.

III

Appellate courts have wrestled with the application of the anti-SLAPP law where, as in this case, a single cause of action includes multiple claims, some protected by that law and some not. We do not attempt to canvass the large and growing number of cases on this issue. A thorough discussion of the issues and alternatives presented, with a reprise of earlier authority, may be found in many of them. (See, e.g., *Mann*, *supra*, 120 Cal.App.4th 90, 106 [if plaintiff demonstrates probability of prevailing on any protected claim, entire cause of action survives motion to strike]; *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554 [entire

9

cause of action properly stricken where any part is protected and not merely "incidental" to unprotected claim, and plaintiff shows requisite probability of success on protected claim, and see dissenting opinion by Needham, J., at 184 Cal.App.4th 1555, arguing this result is inconsistent with the statute, that *Mann* was incorrectly decided, and that the court should distinguish between "claim" and "cause of action"] *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1199 [rejecting *Mann*, but concluding statute requires plaintiff to establish probability of prevailing on protected activity "and nothing else"]; *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 772 [court may parse mixed cause of action, granting motion to strike protected activity while allowing complaint to proceed as to unprotected activity; and see dissenting opinion by Richli, J., at 206 Cal.App.4th at pp. 787, 789, disagreeing with this view]; and *Burrill v. Nair* (2013) 217 Cal.App.4th 357, 378 (petn. rev. pending) [disagreeing with majority opinion in *Singletary*].)

One of the issues presented in *Taus v. Loftus* (2007) 40 Cal.4th 683 (*Taus*) was whether the plaintiff had established a probability of prevailing as to contentions of liability that were a subset of her purported causes of action in her suit. (40 Cal.4th at p. 711.) Although the alleged conduct did not fall within the ambit of protected activity under the statute, the court concluded that "in order to avoid dismissal of each claim under section 415.16, plaintiff bore the burden of demonstrating a probability that she would prevail on the particular claim." (*Id.* at p. 713.) Thus, the statute allows the defendant the opportunity to have the protected claim stricken if the plaintiff is unable to demonstrate "both that the claim is legally sufficient and that there is sufficient evidence to establish a prima facie case with respect to the claim." (*Id.* at p. 714.) In *Wallace v. McCubbin*, the court read *Taus* to hold that "in response to an anti-SLAPP motion brought as to an entire complaint containing several causes of action, a *part* of a cause of action could be struck because the plaintiff failed to establish a probability of prevailing *as to that particular part.*" (196 Cal.App.4th at p. 1209.)

10

But some courts have read a statement by the Supreme Court in a later case, *Oasis West Realty, LLC v. Goldman* (2012) 51 Cal.4th 811, 820 (*Oasis*) to implicitly repudiate this aspect of the *Taus* decision.  In *Oasis*, the Supreme Court quoted a statement in *Mann,* that '"once a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff *has established* that its cause of action has some merit and the entire cause of action stands."'  (51 Cal.4th at p. 820; see also *Burill v. Nair*, *supra*, 217 Cal.App.4th at 380.)  Since *Mann* was a mixed cause of action case, the *Wallace* court (and other cases) read this as inconsistent with *Taus.*  Neither *Taus* nor *Oasis* is a mixed cause of action case.

We do not read the statement in *Oasis* so broadly.  Instead, the guiding principle in applying the anti-SLAPP statute to a mixed cause of action case is that "a plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one 'cause of action.'"  (*Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 308.)  This statement has been repeatedly reiterated in later decisions on the issue.  (See, e.g., *Haight Ashbury Free Clinics, Inc., v. Happening Home Ventures, supra,* 184 Cal.App.4th at p. 1551; *Comstock v. Aber* (2012) 212 Cal.App.4th 931, 946.)

It would make little sense if the anti-SLAPP law could be defeated by a pleading, such as the one in this case, in which several claims are combined into a single cause of action, some alleging  protected activity and some not.  Striking the entire cause of action would plainly be inconsistent with the purposes of the statute.  Striking the claims that invoke protected activity but allowing those alleging nonprotected activity to remain, would defeat none of them.  Doing so also is consonant with the historic office of a motion to strike:  "to reach certain kinds of defects in a pleading that are not subject to demurrer."  (See 5 Witkin, Cal. Procedure (5th ed. 2008), Pleading, § 1008, p. 420.)

That is what the trial court did in this case.  Its ruling makes sense, and renders justice to both sides.  We believe it was correct.

11

IV

Chang contends she should have been awarded attorney fees on her special motion to strike. She argues her motion "eliminated the majority of the alleged wrongful conduct" and thus the result was not "trivial or inconsequential."[5]

"The successful defendant on an anti-SLAPP motion is entitled to recover its attorney fees and costs as a matter of right. [Citations.]" (*Morrow v. Los Angeles Unified School Dist.* (2007) 149 Cal.App.4th 1424, 1446.) However, "when a successful anti-SLAPP motion accomplishes nothing of practical consequence . . . a trial court is justified in finding the defendants should not recover fees. [Citations.]" (*Ibid.*)

The court denied Chang's request for fees. It stated: "While Chang's motion has been granted in part, the ruling has produced nothing of consequence. Cho is still entitled to pursue his causes of action for defamation and [intentional infliction of emotional distress], and the evidence to be presented at trial is largely the same." We agree with the court's reasoning. Chang was unsuccessful in defeating either of Cho's causes of action and evidence regarding Chang's comments to co-workers will be admissible. As the court indicated, her motion achieved nothing beyond what she had already established under the litigation privilege. The court did not abuse its discretion in denying Chang's claim for fees. (See *Moran v. Endres* (2006) 135 Cal.App.4th 952, 954–956.)

---

[5] Chang also argues that all of the activities underlying Cho's claims were privileged, and thus she should be awarded fees because the entire cross-complaint should be stricken. Since we have concluded the comments to co-workers were not protected activity within the anti-SLAPP statute, the argument is moot.

12

**DISPOSITION**

We affirm the judgment of the court.  Each side shall bear its own costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.