**FILED**

**NOV. 7, 2013**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL HENNE, | ) | No. 30902-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CITY OF YAKIMA, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Michael Henne, a Yakima police officer, filed a complaint against the city of Yakima (City) for alleged retaliatory use of internal investigations. The trial court denied the City's anti-SLAPP[1] motion to strike several claims in Mr. Henne's complaint. Mr. Henne then amended his complaint to remove the offending claims.

We conclude that the City is a legal entity and, therefore, could file its motion to strike under RCW 4.24.525. But we also conclude that the offending claims were removed from Mr. Henne's complaint and, thus, the issue is now moot. Accordingly, we dismiss the appeal.

---

[1] Strategic Lawsuit Against Public Participation, RCW 4.24.510.

## FACTS

The City hired Michael Henne as a police officer in 1998 and promoted him to sergeant in 2007. Between January 2008 and February 2011, the City received four reports of potential misconduct by Officer Henne within the scope of his employment as a police officer. These complaints included allegations of (1) rude conduct with other police officers, (2) dishonesty involving an alleged assault against Officer Henne, (3) a rule violation failure to broadcast emergency information about a suspect's location, and (4) a possible illegal search. The City subsequently conducted internal investigations of the reports and ultimately cleared Officer Henne of all allegations.

On November 4, 2011, Officer Henne filed a complaint in Yakima County Superior Court against the City, alleging in part that after he was promoted to sergeant, Lieutenant Nolan Wentz began harassing him and telling other officers that Officer Henne should not have been promoted. Officer Henne alleged that some police officers started harassing him by filing false reports against him, which resulted in unwarranted internal investigations. Officer Henne also maintained that the City failed to discipline city employees when they disseminated information about the investigations to other city employees and in the community. Officer Henne complained that the City failed to follow its own internal investigation policies by neglecting to investigate facts in his favor

2

and failing to give him notice of findings or copies of internal investigation files. Officer Henne asserts that even after he was cleared of all allegations, he was transferred to a less desirable position and "had to endure continuing criticism and harassment by [police department] officers and leadership." Clerk's Papers (CP) at 10.

Officer Henne's causes of action included, in relevant part, that the City (1) interfered with his rights by reassigning him to a less desirable position after he refused to resign from his position while he was under investigation, (2) harassed and retaliated against him by subjecting him to numerous unwarranted internal investigations, and (3) failed to investigate and discipline numerous officers for their unprofessional behavior. Officer Henne asked for damages due to lost wages and benefits, lost opportunities for advancement, emotional distress, pain, embarrassment, and humiliation. He also asked for injunctive relief to enjoin the City from perpetuating the hostile work environment.

The City filed a motion on December 30, 2011, to strike the claims related to the internal investigations under Washington's anti-SLAPP statute. It maintained that these claims were protected under the statute because they involved "'public participation and petition.'" CP at 15.

3

On January 30, 2012, Officer Henne moved to amend the complaint under CR 15 and strike the City's motion as moot. He pointed out that CR 15 allows for liberal amendment of a complaint unless the defendant can show actual prejudice. He also argued that the City's motion to strike "is brought on its mistaken belief that the Plaintiff is claiming the Defendant unlawfully harassed and retaliated against Plaintiff by initiating and/or conducting internal investigations." CP at 129. He emphasized that the heart of his amended complaint was the City's negligent hiring and supervision of city employees and the breach of police department policies and procedures relating to internal investigations outlined in the collective bargaining agreement and the civil service rules. Officer Henne explained that he was not alleging that complaints should not be investigated, but that the investigations were improperly conducted. The City countered that Officer Henne could not avoid the consequences of the anti-SLAPP statute by amending the complaint.

At the hearing, the City argued that the anti-SLAPP statute was designed to protect local governments from actions that are based upon communications and proceedings in those local governments, i.e., lawsuits based on public participation, pointing out "this lawsuit is about . . . suing the city for the alleged acts of its agents in reporting internal investigation matters." CP at 318. Officer Henne countered that the government is not a

4

"person" for purposes of the anti-SLAPP statute.

The court denied the motion to strike and granted Officer Henne's motion to amend. Officer Henne's amended complaint removed all allegations related to the City's internal investigations. The remaining causes of action included allegations that the City failed to adequately supervise the chief of police and curtail the harassment by other police officers against Officer Henne, breached internal investigation policies by failing to keep the internal investigation confidential, and improperly removed Officer Henne from his position and improperly tried to intimidate him into resigning.

The City appeals.

## ANALYSIS

*Mootness*

The dispositive issue is whether the amendment of the complaint moots this appeal. The City argues that Officer Henne cannot avoid the anti-SLAPP statute by amending the complaint to remove the claims arising from the internal investigations, which it claims are protected under the SLAPP statute. Citing *Navellier v. Sletten*, 106 Cal. App. 4th 763, 131 Cal. Rptr. 2d 201 (2003), it urges us to follow California precedent, which generally prohibits an "eleventh hour amendment to plead around a motion to strike under the anti-SLAPP statute." *Id.* at 772. California courts reason that

allowing a SLAPP plaintiff leave to amend the complaint once the court finds the defendant has made a prima facie showing undermines the legislature's goal of quick dismissal of meritless SLAPP suits. *Id.* (quoting *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073-74, 112 Cal. Rptr. 2d 397 (2001)).

Officer Henne counters that once he amended his complaint to remove the claims arising from the internal investigations, the City's appeal was moot. He points out that he is not complaining about the City's internal investigations of him; instead, the amended complaint alleges that the City failed to follow its own policies regarding such investigations. In sum, he argues that the operative document before us is the amended complaint, which effectively disposes of the entire appeal.

Here, the motion to amend was filed before the City filed its answer and before the parties engaged in discovery. There is no showing of prejudice, dilatory practice, or undue delay. A different situation might be presented if the City had notified Mr. Henne's counsel that the claims violated the anti-SLAPP statute, had warned that a motion would be filed if Mr. Henne did not voluntarily amend his complaint, had given him a reasonable amount of time to make that amendment and yet Mr. Henne had failed to take action—thereby making it necessary for the City to prepare a motion. Absent prejudice, dilatory practice, or undue delay, Officer Henne had a right to amend his

complaint while the anti-SLAPP motion was pending. Thus, the amended complaint supersedes the original complaint. With the removal of the allegations relating to the City's internal investigations of Officer Henne, the issues raised in this appeal are moot.

*The City as a Legal Entity Under RCW 4.24.525*

RCW 4.24.525 is significantly broader than RCW 4.24.510 in scope and purpose and contains a detailed definition that includes "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, or any other legal or commercial entity." RCW 4.24.525(1)(e). A California court[2] interpreting California's anti-SLAPP statute has held that "[t]he anti-SLAPP suit statute is designed to protect the speech interests of private citizens, the public, *and governmental speakers.*" *Bradbury v. Superior Court*, 49 Cal. App. 4th 1108, 1117, 57 Cal. Rptr. 2d 207 (1996) (emphasis added). The court reasoned that "[g]overnment can only speak through its representatives" and that "[a] public entity is vicariously liable for the conduct of its employees acting within the scope of their employment." *Id.* at 1114. Further, noting that under the federal civil rights statute, municipalities and counties are treated as persons, the court held that a "person" under the California anti-SLAPP statute "must be

---

[2] Because Washington's anti-SLAPP statute was modeled after California's statute, California cases are persuasive authority for interpreting the Washington statute. *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1110 (W.D. Wash. 2010).

read to include a governmental entity." *Id.* Given the statute's plain language and

California precedent, the City, which is a municipal corporation and a recognized "legal

entity," falls within the meaning of the anti-SLAPP statute.

The amendment of the complaint moots the other issues raised on appeal.

Accordingly, we dismiss the appeal as moot.

*Attorney Fees*

Both parties request attorney fees on appeal. The City requests attorney fees and

costs under RCW 4.24.525(6) and RAP 18.1. RCW 4.24.525(6)(a) requires an award of

attorney fees "to a moving party who prevails, in part or in whole, on a special motion to

strike." Because the City is not the prevailing party on the motion to strike, we deny its

attorney fees request.

Officer Henne contends that statutory penalties, costs and attorney fees should be

awarded to him. However, his request for expenses is inadequate. To receive an award

of costs and attorney fees on appeal, a party must devote a section of its opening brief to

the request. RAP 18.1(b); *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 700-05, 915 P.2d

1146 (1996). The court rule requires more than a bald request for attorney expenses on

appeal. *Phillips Bldg.*, 81 Wn. App. at 705. The party seeking costs and attorney fees

must provide argument and citation to authority to establish that such expenses are

8

warranted. *Id.* Officer Henne has failed to do so. Accordingly, we deny his request for attorney fees.

_____
Kulik J.

I CONCUR:

_____
Korsmo, C.J.

No. 30902-9-III

FEARING, J. (concurring in part and dissenting in part) — I agree with the majority's second ruling that a city is a "person" for purposes of Washington's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, RCW 4.24.525. I write separately, in part, because I believe the issue merits additional analysis. I also write separately because the majority fails to provide directions to the trial court as to what steps to take as a result of this ruling. Presumably, the majority wishes no steps to be taken, to which I respectfully disagree.

I dissent from the majority's first ruling dismissing the appeal as moot. I also respectfully question the majority's ruling on an important substantive question after declaring the appeal moot. I would remand the case to the trial court to continue with its review as to whether the anti-SLAPP statute applies to any of the claims in Officer Michael Henne's first and/or amended complaint and to determine whether to award city of Yakima the statutory penalty and reasonable attorney fees and costs incurred by reason of Officer Henne's asserting claims that offend the statute.

MOOTNESS

Michael Henne sued Yakima, in part, claiming he was subjected to unwarranted internal investigations. He alleged in one paragraph in his causes of action: "4.5 Defendant by and through its agents harassed and retaliated against Plaintiff by subjecting him to numerous unwarranted internal investigations." Clerk's Papers at 12.

This claim impliedly objected to the city's response to complaints about the conduct of Officer Henne on matters that could be of public importance.

Yakima brought a motion, pursuant to the anti-SLAPP statute, to strike allegations in the complaint. As a result, Officer Henne amended his complaint to remove paragraph 4.5. Yakima proceeded with its motion anyway and argued it should still be awarded, despite the amendment, reasonable attorney fees and costs and the statutory penalty for having to bring the motion to strike. The trial court did not address whether the awards are proper despite an amendment to remove offending language, since it ruled that a city is not a "person" under the statute.

On appeal, Yakima continues to argue it should be awarded the penalty and fees and costs regardless of whether Henne amended his complaint. The majority agrees with the city that the trial judge erred when ruling the city was not protected by the statute. But then the majority ignores the question of whether Yakima is entitled to an award. Whether Yakima should receive any award is an active, viable question that should be addressed. The appeal is not moot.

A case is moot "when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." *Spokane Research & Def. Fund v. City of Spokane,* 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); *State v. Slattum,* 173 Wn. App. 640, 647, 295 P.3d 788, *review denied,* 178 Wn.2d 1010 (2013). Generally, this court may not consider a case if the issue presented is moot. *In re Det. of R.R.,* 77 Wn. App. 795, 799, 895 P.2d 1 (1995)

2

(quoting *In re Cross,* 99 Wn.2d 373, 377, 662 P.2d 828 (1983)). We may provide

Yakima relief in the form of statutory awards or by remanding to the trial court to decide

whether an award is proper.

## ANTI-SLAPP STATUTE

A legal bully employs the legal system in order to punish someone who publicly

spoke about the bully's conduct and in order to quiet someone from speaking, in the

future, about that conduct. Typically, the bully's conduct is a matter of public

importance. Examples of legal bullying include Lance Armstrong suing the *Sunday*

*Times* for suggesting he used banned substances and Texas ranchers suing Oprah Winfrey

and Ellensburg's Mad Cowboy Howard Lyman for depicting American beef as unsafe.

For the latter case see *Texas Beef Group v. Winfrey,* 201 F.3d 680 (5th Cir. 2000). Oprah

Winfrey and the *Sunday Times* had resources to pay their respective defenses, but many

defendants face bankruptcy when faced with defending a legal bully's suit. The legal

bully does not necessarily sue to win, but to intimidate. University of Denver Professors

George W. Pring and Penelope Canan coined the term "Strategic Lawsuit Against Public

Participation (SLAPP)," to describe such suits. Tom Wyrwich, *A Cure for a "Public*

*Concern": Washington's New Anti-SLAPP Law,* 86 WASH. L. REV. 663, 666 (2011).

The cases involve not only lawsuits traditionally associated with free speech, such as libel

and defamation suits, but other actions such as business interference, conspiracy, or

trespass. *Id.*

3

In February 2010, the Washington state legislature passed its Act Limiting Strategic Lawsuits Against Public Participation. LAWS OF 2010, ch. 118. The Washington Act protects the free expression of Washington citizens by shielding them from meritless lawsuits designed only to incur costs and chill future expression. Wyrwich, *supra*, at 663. Washington's Act was modeled on California's influential anti-SLAPP statute. *Id.*

The 2010 Washington Act contains a declaration of purpose:

(1) The legislature finds and declares that:
    (a) It is concerned about lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances;
    (b) Such lawsuits, called "Strategic Lawsuits Against Public Participation" or "SLAPPs," are typically dismissed as groundless or unconstitutional, but often not before the defendants are put to great expense, harassment, and interruption of their productive activities;
    (c) The costs associated with defending such suits can deter individuals and entities from fully exercising their constitutional rights to petition the government and to speak out on public issues;
    (d) It is in the public interest for citizens to participate in matters of public concern and provide information to public entities and other citizens on public issues that affect them without fear of reprisal through abuse of the judicial process; and
    (e) An expedited judicial review would avoid the potential for abuse in these cases.
    (2) The purposes of this act are to:
    (a) Strike a balance between the rights of persons to file lawsuits and to trial by jury and the rights of persons to participate in matters of public concern;
    (b) Establish an efficient, uniform, and comprehensive method for speedy adjudication of strategic lawsuits against public participation; and
    (c) Provide for attorneys' fees, costs, and additional relief where appropriate.

LAWS OF 2010, ch. 118, §1. The legislature directed the courts to liberally interpret the Act. "This Act shall be applied and construed liberally to effectuate its general purpose of protecting participants in public controversies from an abusive use of the courts." LAWS OF 2010, ch. 118, § 3.

Washington's anti-SLAPP statute, codified at RCW 4.24.525, allows a party to bring a special motion to strike a claim that is based on an action involving public participation and petition. An "action involving public participation and petition" includes "[a]ny . . . lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public concern, or in furtherance of the exercise of the constitutional right of petition." RCW 4.24.525(2)(e). A party bringing a special motion to strike has the initial burden of showing by a preponderance of the evidence that the claim is based on an action involving public participation and petition. If the moving party meets this burden, then the responding party must establish by clear and convincing evidence a probability of prevailing on the claim. If the responding party meets this burden, the court must deny the motion to strike. RCW 4.24.525(4)(b). If a party prevails on an anti-SLAPP motion to strike, the offending party incurs sanctions. In such event, the court shall award, to a moving party, costs of litigation and any reasonable attorney fees incurred in connection with each motion on which the moving party prevailed. RCW 4.24.525(6)(a)(i). The court shall also award the prevailing movant an additional amount of $10,000. RCW 4.24.525(6)(a)(ii).

RCW 4.24.525 demands expedited review of the "moving party's" motion to strike and the stay of discovery until the court resolves the motion. *See* RCW 4.24.525(5)(a)-(c). The trial court's denial of Yakima's motion is before this Court of Appeals on interlocutory review because "[e]very party has a right of expedited appeal from a trial court order on the special motion or from a trial court's failure to rule on the motion in a timely fashion." RCW 4.24.525(5)(d).

RCW 4.24.525 is not Washington's first anti-SLAPP statute. In 1989, Washington adopted the nation's first anti-SLAPP law still codified at RCW 4.24.500 to .520. The law, known as the "Brenda Hill Bill," provides immunity from civil liability for claims based on good faith communication with the government regarding any matter "reasonably of concern." Wyrwich, *supra*, at 669. The Brenda Hill Bill was not without defect, since it provided no method for early dismissal. *Id.* With courts unable to dismiss SLAPPs before discovery, defendants had no means of escaping the significant legal expenses SLAPPs intend to inflict. *Id.* at 670.

### CITY AS "PERSON" UNDER ANTI-SLAPP STATUTE

The one pertinent question the majority addresses is whether the city of Yakima is a "person" entitled to recover the penalties and costs afforded in the anti-SLAPP statute. The statute allows recovery to a prevailing "moving party." RCW 4.24.525(6)(a). A "'moving party' means a person on whose behalf the motion described in subsection (4) of this section is filed seeking dismissal of a claim." RCW 4.24.525(1)(c). In turn, the statute defines a "person" broadly as "an individual, *corporation*, business trust, estate,

trust, partnership, limited liability company, association, joint venture, or *any other legal or commercial entity.*" RCW 4.24.525(1)(e) (emphasis added).

No Washington decision answers the question of whether a city is a "person" entitled to the protections of the 2010 anti-SLAPP statute, nor does any Washington decision involve a government entity as a "moving party." A city, particularly one as large as Yakima, is not typically viewed as a party that may be intimidated by SLAPP suits, and thus the purpose of anti-SLAPP statutes is not a tailor fit in the context of Yakima seeking protection. Since the statute seeks to preserve free speech rights and government entities do not possess free speech rights, a forceful argument is made that a government entity should not be considered a "person" under RCW 4.24.525(1)(e).

Our state's high court in *Segaline v. Department of Labor and Industries,* 169 Wn.2d 467, 238 P.3d 1107 (2010) ruled that a government entity is not a "person" under the 1989 anti-SLAPP statute, RCW 4.24.500 to .520, for the reasons expressed above. Nevertheless, the 1989 statute did not define the word "person." The statute also read that it was designed to protect "*individuals* who make good faith reports to appropriate governmental bodies." RCW 4.24.500 (emphasis added).

RCW 1.16.080(1) is a guiding light to the interpretation of all statutes. The statute reads: "The term 'person' may be construed to include the United States, this state, or any state or territory, or any public or private corporation or limited liability company, as well as an individual." But as the court in *Segaline* noted, the provision does not compel the

7

court to broadly construe "person," but rather the use of "may" permits the court to interpret "person" to include such entities. *Segaline*, 169 Wn.2d at 474.

We are not free to use our own judgment and rule that a government entity should not receive protections under RCW 4.24.525. Instead, we must apply the statute's broad definition of "person." A reviewing court's primary goal is to determine and give effect to the legislature's intent and purpose in creating the statute. *Woods v. Kittitas County*, 162 Wn.2d 597, 607, 174 P.3d 25 (2007); *Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004). If the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent. *Woods*, 162 Wn.2d at 607; *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001). We must give meaning to every word and interpret the statute as written. *Enter. Leasing, Inc. v. City of Tacoma Fin. Dep't*, 139 Wn.2d 546, 552, 988 P.2d 961 (1999); *Prosser Hill Coal. v. County of Spokane*, 309 P.3d 1202, 1207 (2013).

With the majority, I conclude that a "person" under the 2010 anti-SLAPP statute includes a government entity such as a city. My conclusion is based upon principles of statutory interpretation and decisions from California. "Person" under the 2010 statute, unlike the 1989 version, includes a "corporation" and "any legal entity," both which, under lay and legal definitions, include a city and any other government entity.

Courts should consider the meaning that naturally attaches and take into consideration the meaning that attaches from the context. *State v. Ratliff*, 140 Wn. App. 12, 16, 164 P.3d 516 (2007). In construing statutory language, words must be given their

8

usual and commonly accepted meaning. *In re Adoption of Lybbert,* 75 Wn.2d 671, 674, 453 P.2d 650 (1969). RCW 4.24.525(1)(e) omits the terms "city," "government entity," and "municipal corporation." Such an omission might lead one to conclude a municipal corporation was not desired as a "person" under the anti-SLAPP statute. Many statutory definitions of "persons" include a "government entity" or "municipal corporation," which suggests the omission of such words is intentional. *See* RCW 5.51.010(3); RCW 7.04A.010(6); RCW 23B.01.400(23); RCW 70.105D.020(19). At the same time, if the legislature did not wish a government entity to be included as a "person," the legislature could have expressly stated such through exceptions.

Under RCW 4.24.525(1)(e), a "person" includes a "corporation," not simply a private or for profit corporation. Alternate lay definitions for a "corporation" include "the municipal authorities of a town or city," and "a body formed and authorized by law to act as a single person" although "constituted by one or more persons" and legally endowed with "various rights and duties together with the capacity of succession." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 510 (1993). *Black's Law Dictionary* includes a "public" "political" and "municipal" corporation within its classifications of "corporation." BLACK'S LAW DICTIONARY 391-93 (9th ed. 2009).

RCW 4.24.525(1)(e) also defines a "person" as any "legal or commercial entity." *Black's Law Dictionary* defines a "legal entity" as "[a] body, other than a natural person, that can function legally, sue or be sued, and make decisions through agents." BLACK'S, *supra,* at 976. A city has a legal existence, by which it may make decisions, sue, and be

9

sued. A city is a "legal entity." In many decisions, government or public entities are referred to as legal entities. *See, e.g., Pub. Util. Dist. No. 1 of Snohomish County v. Taxpayers & Ratepayers of Snohomish County*, 78 Wn.2d 724, 737, 479 P.2d 61 (1971).

RCW 4.24.525(1)(e) partially defines a "person" as "any other legal *or commercial* entity." (Emphasis added.) Use of the word "or" denotes that noncommercial entities are included. We presume that the word "or" does not mean "and" and that a statute's use of the word "or" is disjunctive to separate phrases unless there is a clear legislative intent to the contrary. *HJS Dev., Inc. v. Pierce County*, 148 Wn.2d 451, 473 n.95, 61 P.3d 1141 (2003); *State v. Weed*, 91 Wn. App. 810, 813, 959 P.2d 1182 (1998). Noncommercial entities include nonprofits and government entities.

Because the California anti-SLAPP statute served as a model for the Washington Act, courts can use the borrowed statute rule to interpret the Washington Act. *Fielder v. Sterling Park Homeowners Ass'n*, 914 F. Supp. 2d 1222, 1234 (W.D. Wa. 2012) (court used California law to interpret Washington anti-SLAPP statute); *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1110 (W.D. Wa. 2010); Wyrwich, *supra*, at 689. The California Code of Civil Procedure grants a "person," sued for exercising a right to petition or free speech, the opportunity to file a special motion to strike the offending claims. CAL. CIV. PROC. § 425.16(b)(1). The statute does not define the term "person." Nevertheless, California courts have held that a municipal corporation is a "person" under the state's anti-SLAPP statute. *Schaffer v. City & County of San Francisco*, 168 Cal. App. 4th 992, 85 Cal. Rptr. 3d 880 (2008); *Visher v. City of Malibu*, 126 Cal. App.

10

4th 364, 367 n.1, 23 Cal. Rptr. 3d 816 (2005); *Bradbury v. Superior Court*, 49 Cal. App. 4th 1108, 1114, 57 Cal. Rptr. 2d 207 (1996).

In short, municipal corporations are persons, my friend.

## AVOIDANCE OF ANTI-SLAPP STATUTE BY AMENDMENT

The majority and I do not dispute that Officer Henne was entitled to amend his complaint to exclude any language that offends the anti-SLAPP statute. I disagree with the majority, however, in that the majority fails to address the principal purpose of the appeal—determining whether or not Officer Henne avoids the statute's repercussions by the amendment. The statute's provisions do not help us answer this question. No Washington decision has addressed the question of whether the plaintiff may escape the statutory sanctions by an amendment, so I rely upon the purpose of the statute.

The key concern of anti-SLAPP laws is to spare the moving party from the expense of defending a lawsuit brought to quell free expression. That purpose is thwarted if a plaintiff can amend his complaint to avoid payment of those fees. One can argue that, if the case is quickly dismissed by an anti-SLAPP motion, the fees incurred by the defendant are minimal such that they should not be shifted to the claimant. But the fees will not always be minimal. Preparing the motion involves analysis of facts and claims as well as legal research and writing. Because of the importance of exercising free speech and the worth of a discussion of matters of public concern, the statute considers any fees too high. The one exercising its rights should not bear any costs. Thus, I would

11

allow the city of Yakima to recover the penalty and reasonable attorney fees and costs, if, upon remand, Yakima "prevails" on its motion to strike.

No California decision directly addresses this important issue. In *Navellier v. Sletten*, 106 Cal. App. 4th 763, 131 Cal. Rptr. 2d 201 (2003), the court addressed a plaintiff seeking to amend his complaint, after the motion to strike was granted, to assert claims that did not offend the anti-SLAPP statute. Our case is in a different posture since Officer Henne filed his motion to amend before any motion hearing. Nevertheless, the California court denied the motion to amend wishing to preclude the plaintiff from escaping the provisions of the statute by amending the complaint. This wish is served by imposing the statutory awards when a motion to amend is filed to avoid those awards.

## ALLEGATIONS PROHIBITED BY ANTI-SLAPP STATUTE

Michael Henne denies that any of the allegations in his first complaint offended the anti-SLAPP statute. He argues that the complaint did not seek recovery for the internal investigations of the Yakima Police Department but for a failure to follow city procedures and for violating the collective bargaining agreement. He further argues that the focus of his complaint was negligent supervision and hiring of employees, not negligent investigating. Finally, he contends he amended his complaint only as a matter of precaution.

Since the trial court denied Yakima's motion for relief under the anti-SLAPP statute, based upon the trial court's view that a municipal corporation was not protected by the statute, the trial court did not address whether the first complaint, nor if any

12

provisions of the amended complaint, violate the statute. The parties have not fully briefed nor argued whether the anti-SLAPP statute prohibits any of the allegations in plaintiff's initial or amended complaint. Therefore, I would remand to the trial court to determine whether any allegations offend the statute. The trial court should strike any offending language in the amended complaint.

If the trial court finds the anti-SLAPP statute prohibits any claim in Michael Henne's original or amended complaint, the parties should brief the court regarding whether the city of Yakima is entitled to the $10,000 statutory award and attorney fees and costs.

California's statute, like the Washington statute, reads that a prevailing movant "shall" be awarded reasonable attorney fees and costs and the statutory penalty. *See* CAL. CIV. PROC. § 425.16(b)(1); RCW 4.24.525(6)(a). Nevertheless, California courts have refused to grant the prevailing party, on a motion to strike, the statutory penalty and fees and costs when the motion was of limited success.

In *Moran v. Endres,* 135 Cal. App. 4th 952, 953-54, 37 Cal. Rptr. 3d 786 (2006), church members filed suit, alleging that defendants committed various torts as part of a wrongful attempt to control the church and asserting causes of action for defamation, false light, intrusion upon seclusion, assault, battery, and civil conspiracy, among others. Defendants filed a special motion to strike the complaint under the anti-SLAPP statute. The trial court granted defendants' motion only as to the civil conspiracy cause of action. The trial court denied any statutory award on the ground that the anti-SLAPP motion had

such insignificant effect on the lawsuit that defendants could not be viewed as prevailing for purposes of attorney fees award. The California Court of Appeals affirmed, reasoning that awarding the statutory penalty would not further the legislature's purpose. The California legislature enacted the anti-SLAPP statute to prevent parties from using the judicial process to chill public participation. CAL. CIV. PROC. § 425.16. In *Endres*, the California Court of Appeals noted, "[n]either the public's nor defendants' right to participate was advanced by [their] motion." 135 Cal. App. 4th at 955. Granting their motion, the court found, was an "illusory victory." *Id.* at 954. The factual allegations did not change and the possible recovery remained the same. *Id.*; *see also Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010) (applying California law, the court, in suit brought by the National Football League's greatest running back, Jim Brown, denied an anti-SLAPP statute award because the motion's importance was insignificant to the case).

Washington's statute is based on the California statute. Bruce E.H. Johnson and Sarah K. Duran, *A View From The First Amendment Trenches: Washington State's New Protections For Public Discourse And Democracy*, 87 WASH. L. REV. 495, 518 (2012). Like the California legislature, our legislature was "concerned about lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." LAWS OF 2010, ch. 118, § 1. To "[e]stablish an efficient, uniform, and comprehensive method for speedy adjudication of strategic lawsuits against public participation," the legislature, "[p]rovide[d] for attorneys' fees,

costs, and additional relief *where appropriate*." LAWS OF 2010, ch. 118, § 1 (emphasis added). But, unlike California's anti-SLAPP statute—which requires its courts to award fees, costs, and the statutory penalty to "prevailing" movants—RCW 4.24.525(6)(a) requires courts to award reasonable attorney fees, costs, and the statutory penalty to "a moving party who prevails, in part or in whole."

If the trial court finds Washington's anti-SLAPP statute prohibits claims in Michael Henne's original or amended complaint, I would direct the parties to brief the trial court on whether the city of Yakima prevailed for purposes of RCW 4.24.525. More specifically, the parties should brief whether RCW 4.24.525 requires a court to award fees, costs, and the statutory penalty to a moving party who prevails in part, but whose victory is illusory and which does not further the legislature's stated intent—advancing public participation.

_____
Fearing, J.